ELISHA J. CAMPBELL, Appt., *vs.* GEORGE E. CAMPBELL *et al.*

MARCH 12, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Conduct of Court.  Exceptions.*

The action of a justice in compelling counsel to choose as to the method of his further conduct of a case, after the regular hour of adjournment, without having previously notified him that the court would sit beyond the usual time or that he would be compelled to make such choice, is subject to exception to be taken immediately under C. P. A. § 483.

(2)  *Petition for New Trial.*

A petition under C. P. A. § 472, upon the ground that appellant did not have a full, fair, and impartial trial, must show something more than mere error on the part of the court which would form the subject of an exception, under section 483.

PETITION for a new trial under section 472, C. P. A., and petition denied.

PER CURIAM.    This is the appellant's petition for a new trial, under C. P. A. § 472, upon the ground that he did not have a full, fair, and impartial trial in the Superior Court, for the reason that the justice who presided at the trial in said Superior Court compelled his counsel to choose either to continue the case without witnesses after the regular hour of adjournment or to limit the number of witnesses to be called on the following day to those he could forthwith name, without having previously notified him that the court would sit beyond the usual time that night, or that he would be compelled to make such choice.

The conduct of the court complained of was subject to exception to be taken immediately, under C. P. A., § 483, which reads as follows:

"SEC. 483.    Exceptions to rulings, directions, and decisions made during a hearing in a cause heard by the court without a jury or during a trial by a jury shall be taken immediately."

.  .  .

As was clearly explained by Matteson, C. J., in *Bristow* v. *Nichols*, 19 R. I. 719: "To render a trial not a full, fair, or impartial trial within the meaning of section 2, there must, we think, be something more than mere error on the part of the court which would form the subject of an exception. Unless there be something more than this, to grant a new trial under section 2 would be to do away practically with the procedure provided in section 6."

That case is determinative of this, and therefore the appellant's petition for a new trial must be denied and dismissed.

*Green, Hinckley & Allen,* for appellant.
*James Harris and Irving Champlin,* for appellees.