BERNARD MEYERSON *v.* STATE OF MARYLAND

[No. 33, October Term, 1942.]

*Decided November 18, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Simon E. Sobeloff* for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General, J. Bernard Wells, State's Attorney, William H. Maynard, Deputy State's Attorney,* and *Anselm Sodaro, Assistant State's Attorney of Baltimore City,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Bernard Meyerson, appellant, George Meyerson, his father, and Ruth Hopkins were found guilty by the Criminal Court of Baltimore City, sitting as a jury, on the third and seventh count of an indictment charging them with causing the abortion and conspiring to cause an abortion upon a young woman, hereinafter referred to as the prosecuting witness. As a penalty for their offense, George and Bernard Meyerson were each sen-

tenced to six months in the Maryland House of Correction, and Ruth Hopkins was sentenced to six months in the Women's Prison of the State of Maryland. Neither Ruth Hopkins nor George Meyerson took an appeal. All three defendants were tried together. After Ruth Hopkins had served two months of her term, her sentence was suspended and she was released to obtain treatment at the State Hospital at Sabillasville. Three exceptions were taken by the appellant to the ruling of the trial judge on the evidence. The third exception was abandoned on appeal. The fourth exception was taken to the ruling of the trial court on an objection to part of the argument of the attorney for the State. An appeal was also taken from the refusal of the motion in arrest of judgment, motion to strike out the verdict, and motion to strike out the judgment and sentence.

The prosecuting witness, called as a witness by the State, testified on her direct examination that she did not see the appellant, Bernard Meyerson, at Ruth Hopkins' house, where the crime was committed, at any time and that he was not at that house. The State's Attorney thereupon sought to lay a foundation to show that he was taken by surprise and attempted to examine the witness about her testimony before the Grand Jury. An objection was made and the witness' counsel, appointed by the court at that stage of the case, contended that this testimony might incriminate her. The objection was sustained. This witness was cross-examined by appellant's attorney and was later questioned on redirect examination as follows by the State:

"Q. (By Mr. Maynard) You testified in answer to Mr. Ingram's question that Bernard Meyerson had never discussed with you a question of your having an abortion. A. That he did not discuss it with me?

"Q. Yes. A. Yes, I remember.

"Q. That is what you testified to, wasn't it? A. Yes.

"Q. Do you remember talking to Mr. Sodaro and me in the State's Attorney's office on February 21st of this

year with regard to that question? A. Yes, I recall that too.

"Q. Do you recall telling us that Bernard suggested 'I have an abortion and that he took me to see several abortionists'?"

An objection was made to the last question on the ground that the State's Attorney did not lay a foundation that he was taken by surprise. This objection was overruled by the court and is the subject of the first exception. The witness then testified that she recalled making that statement. The rule in this State is that such a question is admissible to explain why the party called the witness, and not necessarily to impeach her, on the theory that it would be grossly unfair to permit a witness to entrap a party into calling her, having made a statement favorable to that party, and then when called and accredited by that party, makes a statement at variance with the previous statement and against that party's interest, to deny that party the privilege of showing that he was induced to do so by a previous statement of the witness, he having a reasonable belief that this witness, when called to testify, would repeat that statement. This right is limited to the proof of a statement made to a party calling her or his attorney and must be a statement about material facts in the case and not as to trivial circumstances. The court should be satisfied that the party has been taken by surprise and that the evidence is contrary to what the party calling her had just cause to expect. It should be left to the discretion of the trial judge to allow it to be done. *Smith v. Briscoe,* 65 Md. 561, 569, 5 A. 334; *Murphy v. State,* 120 Md. 229, 234, 87 A. 811; *Washington, B. & A. Elec. R. Co. v. Faulkner,* 137 Md. 451, 112 A. 820; *Travelers' Ins. Co. v. Hermann,* 154 Md. 171, 140 A. 64; *State v. Baltimore Contracting Co.,* 177 Md. 1, 6 A. 2d 625. There is no evidence in this case that the trial judge abused his discretion in permitting this question to be answered. *Franklin Bank v. Steam Navigation Co.,* 11 Gill & J. 28, 36, 33 *Am. Dec.* 687; *Baltimore & Ohio R. Co. v. State,*

*Use of Black,* 107 Md. 642, 659, 69 A. 439, 72 A. 340;
*Welch v. Baltimore & Ohio R. Co.,* 117 Md. 280, 283, 83
A. 166. The answer of the witness in itself demonstrates
that the State's Attorney was taken by surprise.

The second and fourth exceptions will now be con-
sidered. The State offered in evidence a bank statement
sheet showing the appellant's deposits and withdrawals
"for such purposes as it may show" from October 3,
1941, to January 21, 1942, during which period the crime
was committed. The objection to the admission of this
bank statement is that it is irrelevant. The seventh
count charges conspiracy. *Bloomer v. State,* 48 Md. 521.
It was said by this court in the case of *Bevans v. State,*
180 Md. 447, 24 A. 2d 792, 794: "In this case appellants
are charged in the indictment with an intent and any
fact which supplies a motive for such act or which con-
stitutes a preparation for it is admissible. *Brooke v.
Winters,* 39 Md. 505; *Lamb v. State,* 66 Md. 285, 7 A.
399; *Baltimore Refrigerating Co. v. Greiner,* 109 Md.
361, 368, 71 A. 1066; *Huff v. Simmers,* 114 Md. 548,
554, 79 A. 1003; *Meno v. State,* 117 Md. 435, 440, 83 A.
759; *Hitzelberger v. State,* 174 Md. 152, 161, 197 A.
605." Also, as pointed out in that same case: "In ruling
on collateral matter, it is presumed that the court did
its duty and all reasonable presumption necessary to up-
hold its rulings will be indulged. *Brooke v. Winters,
supra; Maryland Elec Ry. Co. v. Beasley,* 117 Md. 270,
277, 83 A. 157; *Baltimore & Ohio R. Co. v. State,* 107
Md. 642, 69 A. 439, 72 A. 340." Therefore it cannot be
concluded that the admission of this bank statement
was reversible error.

The fourth exception was taken when counsel for the
State in his argument to the court referred to this bank
statement and called attention to the withdrawals from
the bank at about the same time the prosecuting wit-
ness bought furniture for an apartment in Washing-
ton, and also called attention to withdrawals about
the same time that the prosecuting witness went to
the home of Mrs. Ruth Hopkins, where the crime was

committed, and when Mrs. Hopkins admitted she was paid to perform the act, and also called attention to withdrawals one and two weeks, respectively, from the time the prosecuting witness entered the hospital. As the bank statement was admitted, there was no error in this line of argument. It must be further noted that the exception was taken to the argument of the State's Attorney. If the accused was injured by this argument, the complaint should have been made to the trial court and a request made for such relief necessary to insure a fair and impartial trial. If such relief was refused, he should have then excepted to the action of the trial court. As the record now stands, the question raised by the fourth exception is not before us for review. *Luray v. State,* 157 Md. 635, 638, 147 A. 599; *Niemoth v. State,* 160 Md. 544, 558, 154 A. 66.

The motion in arrest of judgment, the motion to strike out the verdict, and the motion to strike out judgment and sentence all contained the same reasons, which were as follows:

"(1) That the Verdict rests upon the evidence offered by a co-defendant, Ruth Hopkins, after the State had closed its case, and this Defendant had not up to that time taken the stand or offered any other testimony in his behalf; whereby this Defendant's fundamental legal rights were infringed inasmuch as he was entitled to be judged upon the case made out by the State and not to be prosecuted by the said co-defendant, Ruth Hopkins.

"(2) That the Court permitted over objection of this Defendant the cross-examination by the State of Ruth Hopkins on matters tending to incriminate this Defendant, after the State's case against him had been closed, and he had not called Ruth Hopkins or offered any other testimony in his defense; whereby this Defendant was highly prejudiced.

"(3) And for other reasons to be shown at the hearing of this Motion."

A motion in arrest of judgment lies only for errors apparent on the face of the record. *Byers v. State,* 63

Md. 207; *White v. State,* 143 Md. 535, 123 A. 58; *Oznec v. State,* 169 Md. 705, 182 A. 313; *Berger v. State,* 179 Md. 410, 20 A. 2d 146. Legal sufficiency of evidence upon which the conviction is based cannot be questioned on a motion in arrest of judgment. *Myers v. State,* 137 Md. 482, 113 A. 87; *Simmons v. State,* 165 Md. 155, 167 A. 60; *Coblentz v. State,* 164 Md. 558, 166 A. 45; *Berger v. State, supra.* A motion for a new trial was argued before the Supreme Bench of Baltimore City in the instant case and all of the matters raised by the motions to strike out the verdict, judgment and sentence, now before us, were raised or could have been raised in the motion for a new trial which cannot be brought before us on appeal. *Archer v. State,* 45 Md. 457; *Myers v. State, supra; Bosco v. State,* 157 Md. 407, 146 A. 238; *Wilson v. State,* 181 Md. 1, 26 A. 2d 770, 774. In the instant case the court sitting as a jury was the judge of the law and the fact. Maryland Constitution, Art. 15, Sec. 5. Therefore the legal sufficiency of the evidence is not before us. As was said in the case of *Lanasa v. State,* 109 Md. 602, at pages 609 and 610, 71 A. 1058, at page 1061: "We said in *Hiss v. Weik,* 78 Md. 439, 446, 28 A. 400, 401, that: 'As an appellate court we cannot review the findings of the jury upon matters of fact, nor can we pass upon the comparative weight of the conflicting evidence submitted to them. If no error of law had been committed by the inferior court in any of its rulings, the verdict of the jury, whether right or wrong, just or unjust, and even though it be directly against and in the very teeth and face of the preponderance of evidence, cannot be interfered with here; and there is no power lodged elsewhere to set the verdict aside, except with the judge before whom the case was tried.' Much that was said in argument in support of the motion in arrest of judgment cannot be considered by this court; but could have been appropriately addressed to the trial court upon an application for a new trial."

In support of these motions the appellant questions the sufficiency of the evidence and strongly urges that appel-

lant was convicted on the uncorroborated testimony of Ruth Hopkins, an accomplice, who testified that George and Bernard Meyerson came to her house and got the prosecuting witness and, with Ruth Hopkins, took her to see a doctor before the crime was committed, then further testified that the appellant was in her house every day that the prosecuting witness was there, that he talked to the prosecuting witness every day on the telephone, and also that the appellant visited the Hopkins' home the same day the crime was committed. She further stated that George Meyerson paid her to commit the crime. The State showed by witnesses other than Ruth Hopkins that the appellant had been intimate with the prosecuting witness for some time and that her pregnancy was caused by him, that he told the doctor to make arrangements to have her admitted to Mercy Hospital and although he did not think that he was responsible for her condition, that he was willing to take care of the expenses when it was necessary for her to go to Mercy Hospital after the abortion was committed. The sufficiency of the corroboration is not before this court on appeal. Judge Urner said in the case of *Folb v. State*, 169 Md. 209, at page 211, 181 A. 225, at page 226: "While it is a recognized general rule that a person accused of crime should not be convicted upon the uncorroborated evidence of an accomplice, the question as to the sufficiency of the corroboration must be left, under the Maryland Constitution, to the determination of the jury as the judges of law and fact in criminal cases (Art. 15, Sec. 5), or to the judgment of the court when it is substituted for a jury, as in this instance, by the defendant's election. *League v. State*, 36 Md. 257. An objection that a conviction was induced by insufficiently corroborated evidence of an accomplice may be asserted by a motion for a new trial addressed to the trial court, but it is not a ground of reversal on appeal. *Luery v. State*, 116 Md. 284, 294, 81 A. 681, 685; *Wolf v. State*, 143 Md. 489, 504, 122 A. 641."

The appellant argued that in this case the procedure and action of the court during the trial was such that fundamental rights and privileges to the accused were not observed under the Fourteenth Amendment of the Constitution of the United States and Article 23 of the Maryland Declaration of Rights, and that therefore, these motions are properly before this court. He cites as his authority the case of *Wilbur Coates v. State,* 180 Md. 502, 24 A. 2d 676. In that case we held that certain essentials to a fair trial were lacking and that there was not due process of law. No such conclusions can be reached in the instant case. There being no error, the judgment must be affirmed.

*Judgment affirmed, with costs.*