## SWANN *v.* STATE

[No. 50, October Term, 1948.]

*Decided January 12, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Charles W. Main,* with whom was *George T. Burroughs* on the brief, for the appellant.

*Joseph D. Buscher, Special Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *A. Gwynn Bowie, State's Attorney for Prince George's County,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

Appellant and Clarence Ross were found guilty by the court, sitting as a jury, of breaking the storehouse (a tavern) of Edwin A. Blandford with intent to steal, take and carry away certain goods and chattels of another of the value of $25 or more. Appellant was sentenced to ten years in the penitentiary. From this judgment he appeals.

Charles Joseph Hawkins and Paul Revere Hodge were indicted for receiving stolen goods and after appellant's conviction pleaded guilty and were given suspended sentences. Appellant says he was convicted on the uncorroborated testimony of Hawkins and Hodge, accomplices in his alleged crime. We may assume, without deciding, that Hawkins and Hodge may be regarded as accomplices. *Luery v. State,* 116 Md. 284, 295, 296, 81 A. 681, 685, Ann. Cas. 1913D, 161.

This court has approved the view that a conviction on the uncorroborated evidence of accomplices ought not to stand. *Lanasa v. State,* 109 Md. 602, 613, 71 A. 1058. But in Maryland the jury are the judges of law, as well

as of fact, including the legal questions of sufficiency of evidence to convict or to corroborate evidence of accomplices. The verdict of the jury on such questions is not reviewable on appeal. Under existing practice, the verdict of the court, sitting as a jury, is like the verdict of a jury in this respect (*Meyerson v. State,* 181 Md. 105, 112, 28 A. 2d 833; *Wolf v. State,* 143 Md. 489-504, 122 A. 641) and a court cannot be required to instruct the jury, even though this court has recommended that the trial courts adopt the practice of granting advisory instructions advising or cautioning jurors against conviction without corroboration. *Luery v. State,* 116 Md. 284, 293, 294, 81 A. 681, 685, Ann. Cas. 1913D, 161. The question of sufficiency of corroboration can also be reviewed on motion for a new trial, but action on such a motion is not reviewable on appeal. *Wolf v. State, supra.*

In the instant case no ruling of the lower court, reviewable on appeal or not, is even presented for review. The record shows that at the conclusion of the State's case, counsel for appellant "commented on lack of corroboration of testimony of Hodge and Hawkins", but does not show that any objection was made to any ruling by the court. Since the record presents no ruling by the court objected to by appellant, there is nothing before us and the appeal must be dismissed. *Davis v. State,* 189 Md. 269, 55 A. 2d 702.

*Appeal dismissed, with costs.*