JURATOVAC ET AL. *v.* STATE

[No. 12, October Term, 1949.]

*Decided November 10, 1949.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MAR-
KELL, JJ.

*Joel L. Hochman,* with whom were *Jerome A. Lough-
ran* and *Ruben Shiling* on the brief for the appellants.

The Court declined to hear argument for the appellee.
*Hall Hammond, Attorney General, Kenneth C. Proctor,
Assistant Attorney General,* and *Daniel M. Murray, Jr.,
State's Attorney for Howard County,* were on the brief
for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellants were found guilty by the Circuit Court for
Howard County sitting as a jury, on three counts of an
information in which they were charged with breaking
in a garage to commit a felony, with feloniously stealing
a safe, truck and some money, and with breaking in a
garage and stealing the same articles. The charges were
made under the provisions of Sections 34 and 35 of
Article 27 of the Code. Each of the appellants was
sentenced to ten years in the Maryland Penitentiary.

The sole contention made by the appellants is that
the conviction was based upon the uncorroborated testi-
mony of two accomplices. The State contends that there
is some corroboration, particularly with respect to the
appellant Juratovac. Apart from this, the State says
that this Court has no authority to look into the question
of the sufficiency of the evidence because, there was no
objection to the admission of any of it, nor any ruling
of the trial court on such an objection, and the appeal is
simply from the verdict and judgment. It has been
held in a long line of cases beginning with *League v.
State,* 36 Md. 257, and running through *Swann v. State,*
192 Md. 9, 63 A. 2d 324 and *Slansky v. State,* 192 Md. 94,
63 A. 2d 599, that a court sitting without a jury is, by
analogy, in the same position as a jury with respect to
the facts in a criminal case. The trial court is the sole

and final judge of the sufficiency of the evidence, and its determination on this question cannot be reviewed by this Court. It is true that we said in the case of *Lanasa v. State,* 109 Md. 602, 71 A. 1058, that upon the uncorroborated evidence of accomplices the rule does not permit a conviction to stand, and this has also been reiterated in other cases such as *Wolf v. State,* 143 Md. 489, 122 A. 641, *Folb v. State,* 169 Md. 209, 181 A. 225 and *Meyerson v. State,* 181 Md. 105, 28 A. 2d 833. However, in the *Swann* case, *supra,* the same question was raised as here, namely, that the appellant had been convicted on the uncorroborated testimony of two accomplices. We said that no ruling of the lower court, whether reviewable on appeal or not, was even presented for review in that case, and since the record presented no ruling by the court, objected to by the appellant, there was nothing before us and the appeal was dismissed for that reason.

There is no substantial difference between the *Swann* case and the case before us. The proper method and the final method of raising the question of the sufficiency of the evidence in criminal cases is by a motion for a new trial. We cannot review the ruling of the trial court on such a motion. It is to be presumed that on a motion for a new trial, the court hearing the motion will not permit a conviction on the uncorroborated testimony of accomplices to stand, but we have no authority to go into that question here.

The appeal will be dismissed.

*Appeal dismissed with costs.*