## DEBINSKI *v.* STATE

[No. 32, October Term, 1949.]

356

*Decided February 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Edgar Paul Boyko,* with whom were *Mandel & Jeffery,* on the brief, for appellant.

The Court declined to hear argument for the appellee. *Hall Hammond, Attorney General, Kenneth C. Proctor, Assistant Attorney General* and *Daniel M. Murray, Jr., State's Attorney for Howard County,* on the brief, for appellee.

GRASON, J., delivered the opinion of the Court.

On March 22, 1949, the Grand Jury for Howard County returned an indictment against Roy F. Debinski

(appellant) and Donald J. Wersten. This, indictment contained three counts, the first of which charged the traversers with breaking and entering, with intent to commit felony, the storehouse of Sidney O. Marcus; the third count charged the traversers with breaking a storeroom of Marcus and taking therefrom various goods and chattels specified; the second count charged the traversers with grand larceny. 1947 Supplement to Code, Art. 27, secs. 34 and 35; 1939 Code, Art. 27, sec. 387. Neither the first nor third count in the indictment charged a felony, but charged a misdemeanor. *Bowser v. State*, 136 Md. 342, 110 A. 854. The second count was based on section 387, Art. 27 of the Code, and charged a felony. It was proper to join the crimes charged in the respective counts in this indictment. *Bowser v. State, supra;* See *Hickman v. Brady*, 188 Md. 103, 52 A. 2d 72.

The defendants were arraigned; pleaded not guilty; demanded a trial before the court; found guilty and sentenced, from which judgment and sentence Debinski appealed. Wersten did not appeal.

The facts of the case are as follows: Mr. Marcus, trading as West Friendship Garage, conducted a store at West Friendship, Howard County, Maryland. On February 5, 1949, around 9 P. M., he closed his store for the day. On February 6th, at about 7:30 A. M., he went to his store for the purpose of opening it for business, and discovered that entry had been made into the store through a window, which had been forced open, and various articles (named in counts two and three of the indictment) had been taken from the store. There was found at the store a flashlight which contained the left thumb print of Wersten. Debinski and Wersten, on February 5, 1949, rented an automobile from the Gray Line U-Drive. Its place of business is located at 1024 Linden Avenue, Baltimore, Maryland. The rental was for twenty-four hours, and the car was returned by them on February 6th, 1949. Mr. Schaffer, the manager of Gray Line U-Drive, testified that he knew both trav-

ersers, and that they came to his place together and hired the car, and were together when they returned it. The testimony shows that the appellant was arrested in Baltimore City on February 15, 1949. He was searched at the Southwestern Police Station and there was found on him by the police a receipt in the name of "John Miller", which gave the address of 1324 Hollins Street. The police went to that address and searched a room which the traverser occupied and found a Motorola radio in a cardboard carton which was addressed to "West Friendship Garage, West Friendship, Maryland".

The appellant contends that the thumb print of Wersten, found on the flashlight; the Motorola radio which the police found in the room at 1324 Hollins Street; and the testimony that the traversers rented the automobile on February 5th and returned it on February 6th, was inadmissible. West Friendship is quite a distance from 1024 Linden Avenue, Baltimore, Maryland, where these men rented this car. It is not to be supposed that they tramped from Baltimore City to West Friendship. It was competent for the State to show the means of transportation the defendant used from Baltimore to the scene of the crime; and the possession of the automobile explains how the stolen property was transported from the store. It is highly improbable the traversers could have personally carried away all the loot taken from the store. That Wersten was in the store at the time it was broken into and robbed is definitely shown by his thumb print on the flashlight. So that the thumb print on the flashlight, and the rental of the automobile, were not only proper evidence but strong evidence to connect these traversers with the crime.

The appellant objects to the introduction in evidence of the Motorola Radio which was found by the police in the room at 1324 Hollins Street, which room he admitted to the police he rented, because the radio was not recently stolen. We decline to set up a period of limitation to determine whether or not possession of stolen goods is or is not recent, but we do say that an article in one's

possession nine days after it was stolen is a recent possession. The law is clear that recent possession of stolen goods is evidence of guilt of the possessor and casts the burden on the possessor of such stolen goods to give a reasonable explanation of how he came into its possession.

"It has long been a well established rule of evidence in a criminal charge of larceny that recent possession of stolen goods gives rise to a presumption that the possessor is the thief." *United States v. Washington, D. C.,* 69 F. Supp. 143, at page 147, and authorities there cited; *State v. Weston,* 9 Conn. 527, 25 Am. Dec. 46; *State v. Raymond,* 46 Conn. 345. The appellant's explanation of his possession of the Motorola radio was that he won it in a craps game. The judge evidently was not impressed with his explanation.

It is suggested by the appellant that the second count in the indictment, which charged larceny, and which is a felony, was put in the indictment for the purpose of offering testimony of what was found by the police in their search of the traverser's room. He contends that a review of the evidence in the case shows that the appellant could only be found guilty under the first or third count, which respectively charged a misdemeanor; that a search of the appellant's room, therefore, was illegal because it was made by the police without a search warrant. It is contended that under such circumstances this court should review the evidence, which review will disclose, it is intimated, that the second count in the indictment was a mere pretense; that the reception in evidence of the Motorola radio was illegal, and that the proceedings at the trial were, therefore, wanting in due process of law. Section 5 of Article 35, 1947 Supplement to the Code, (known as the Bouse Act) prohibits admission of evidence procured by any illegal search and seizure where the charge is a misdemeanor. In cases of felony, in this State, the common-law rule applies, and if the evidence seized is relevant it is admissible in evidence, and courts are not concerned as to how the evi-

dence was obtained. *Johnson v. State,* 193 Md. 136, 66 A. 2d 504.

A number of cases decided by this court, which involve the *Bouse Act,* are cited by the appellant. Under our view of this case it is not necessary for us to examine those cases. We cannot say that the count in the indictment charging larceny was inserted therein for the purpose of violating the law against search and seizure under the *Bouse Act.* The *Bouse Act* was not intended to apply, and does not apply in cases of felony. The discovery of the radio in appellant's room was evidence which tended to show that the appellant was guilty of larceny. It was, therefore, admissible. In this connection we point out that the objection to this evidence was a general objection and, under such an objection, if the evidence was admissible for any purpose the objection was properly overruled. The objection was not limited to the counts charging a misdemeanor. It was too general and the court was correct in overruling the same. *Haile v. Dinnis,* 184 Md. 144, at page 153, 40 A. 2d 363; *Parks v. Griffith & Boyd Co.,* 123 Md. 233, at page 244, 91 A. 581; *Nutwell v. Tongue's Lessee,* 22 Md. 419, at page 443.

It was further contended that the Motorola radio was not properly identified. We think this objection is without force. The radio was in a carton, addressed to the "West Friendship Garage, West Friendship, Maryland". The second and third counts in the indictment charged that a Motorola radio was stolen, and it is idle to say that the Motorola radio contained in a carton addressed to "West Friendship Garage, West Friendship, Maryland", found in Debinski's room nine days after the theft, was not evidence tending to show guilt under the count charging larceny.

It is further contended that as the evidence in the case did not support a conviction of larceny, the admission of testimony which tended to show larceny was a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

"The due process clause of the Fourteenth Amendment requires that State action shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. But due process recognizes that differences naturally arise between procedures in the Federal courts and those in State courts and leaves room for much of the freedom which the Constitution reserved to the State for the exercise of the police power and for their control over procedure to be followed in criminal trials in their respective courts." *Slanksy v. State* 192 Md. 94, 63 A. 2d 599, at page 604; *Winkler v. State,* 194 Md. 1, 69 A. 2d 674.

Debinski was legally indicted; elected to be tried by the court without a jury; was represented at the trial by counsel; found guilty on all three counts of the indictment, and sentenced. There was no motion for a new trial filed in the lower court. The proper method, and the final method of raising the question of the sufficiency of evidence to convict in a criminal case, is by motion for a new trial. The granting of such a motion is in the sound legal discretion of the trial court, and will not be reviewed by this court unless there has been a clear abuse of discretion. This court, at the time the case at bar was tried, was without power to review the evidence to determine the guilt or innocence of Debinski. The "New Criminal Rules of Practice and Procedure", adopted by this court on December 6, 1949, do not apply. *Juratovac v. State,* 193 Md. 361, 69 A. 2d 247; *Swann v. State,* 192 Md. 9, 63 A. 2d 324; *Slanksy v. State, supra; Grear v. State,* 194 Md. 335, 71 A. 2d 24. Due process of law was observed in the trial of this case.

*Judgment affirmed, with costs.*