## HARRIDAY & GAITHER *v.* STATE

[No. 281, September Term, 1961.]

594

*Decided May 14, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*William O. Doub* and *Ronald T. Osborn,* with whom was *J. Kemp Bartlett, III* on the brief, for appellants.

*Edward S. Digges, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell* and *Austin W. Brizendine, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellants, Sterling J. Harriday and Clarence Gaither, and two co-defendants not involved in this appeal, were found guilty by the Circuit Court for Baltimore County, in a non-jury trial, of the larceny of a cigarette vending machine from a gasoline service station. Appellants contend that the judgment entered against them should be reversed on the ground that the chief State's witness, Wayne Hebron, was an accomplice in the crime and that their conviction resulted solely from his uncorroborated testimony. Both appellants were represented by counsel below.

Hebron, who was the sole witness to the larceny, was not charged or indicted in connection with it. However, his testimony leaves little doubt that he himself was involved in the offense. On the basis of the evidence before him, the trial judge was of the opinion that Hebron at most was the receiver of part of the proceeds of the theft and not an accomplice in its actual commission. In a case tried by the court we may review upon both the law and the evidence and will set aside the verdict of the trial court on the evidence only when it is clearly erroneous. *Dunn v. State,* 226 Md. 463, 174 A. 2d 185 (1961) ; Maryland Rule 741 c (1958 ed.). In order for Hebron to be considered an accomplice, the evidence must show that he participated in the perpetration of the crime "knowingly, voluntarily, and with common intent" with the principal offender, or unlawfully cooperated, aided or abetted in its commission. *Coleman v. State,* 209 Md. 379, 121 A. 2d 254 (1956) ; 2 *Wharton, Criminal Evidence* (12th ed.), §§ 448 et seq. The test commonly applied as to whether a *witness* is an accomplice is whether he himself *could* have been indicted and punished for the offense, either as a principal or as an accessory. *Coleman v. State, supra; Watson v. State,* 208 Md. 210, 117 A. 2d 549 (1955).

While Hebron's testimony was at times unclear and even somewhat contradictory, it does establish that he had been with some of the defendants earlier in the day, that he had been at the scene of the crime and had observed the defendants approaching the station, and that when he saw them leave the station with the machine he "came out with them, came on out and I seen who it was so I went with them." He testified that he carried a club for one of the appellants, Harriday, so that the latter could help carry the machine to a wooded area, where it was broken open in Hebron's presence. He accepted an equal share of the money it contained plus two packs of cigarettes. In our opinion, even if Hebron could not be considered a principal in the crime, certainly in view of his actions *during* the perpetration of the larceny—of which the asportation was a component part—he comes within the definition of an aider, that is, "one who assists, supports or supplements the

efforts of another". *Coleman v. State, supra.* As such, he would fall within the legal definition of an accomplice.

Hebron, at the time of the crime, was seventeen years of age and thus subject to the juvenile delinquency law. The question was raised at oral argument as to whether a juvenile can be an accomplice when he can't be charged with the substantive crime unless the juvenile court waives jurisdiction. In several recent cases this Court has had occasion to decide whether a juvenile witness was an accomplice. See, for example, *Coleman v. State, supra; Gregoire v. State,* 211 Md. 514, 128 A. 2d 243 (1957); and *Saldiveri v. State,* 217 Md. 412, 143 A. 2d 70 (1958). In those cases the findings that the juveniles were not accomplices turned on *all* the circumstances of the case and particularly on the matter of lack of consent, with minority being merely another factor to consider. The Court did not look upon the juvenile status as controlling in determining whether the child was an accomplice despite the fact that in the *Coleman* case, for example, the minor witness had already been charged with being a juvenile delinquent as a result of the crime in regard to which she was testifying for the State. In the *Gregoire* case, we cited (at 520-521) *People v. Knorr,* 118 N. Y. S. 2d 429 (1953), which flatly held that the fact that a nine year old child, who was a willing participant in the crime of sodomy and carnal abuse, could only be charged as a juvenile delinquent would not preclude a finding that he was an accomplice. Other cases are cited and discussed in *Gregoire* involving the question of a minor accomplice, and the essential factor in all of them was that of consent or its lack, and not juvenile status.

The reason for the corroboration rule in regard to an accomplice's testimony is not overcome in this case by the mere fact that Hebron is, under normal circumstances, subject only to the jurisdiction of the juvenile court. As a witness involved in the offense, he could be swayed by motivations typical for any accomplice, i.e., malice in making the accusation, or the desire to shield himself from possible punishment from any source and the seeking of possible clemency by testifying for the State. *Watson v. State, supra.* Being "contaminated with

guilt", his testimony should be regarded with the same suspicion and caution as that of an adult accomplice. The possibility of indicting the accomplice for the same crime also exists in the case of a juvenile in that the juvenile court may, after investigation, waive its jurisdiction and allow a child to be prosecuted under the regular procedures followed for an adult where the act committed is one which would amount to a misdemeanor or felony when committed by an adult. Art. 26, § 54, Code (1957). We therefore see no reason to hold that a juvenile who is above the age at which the conclusive presumption of incapacity to commit a crime ceases, cannot become an accomplice. We think the facts of this case compel a finding that Hebron was an accomplice, and that the trial court erred in holding that he was not one.

In view of our conclusion, it becomes necessary to determine whether there was sufficient corroboration of Hebron's testimony to warrant the conviction of the appellants for the larceny. It is well settled that not much in the way of corroboration is required and such evidence need not of itself be sufficient to convict the accused, but need only support some of the material points of the accomplice's testimony. *Boggs v. State,* 228 Md. 168, 179 A. 2d 338 (1962).

Neither of the appellants testified, nor did the State produce any witness to the larceny other than Hebron. However, soon after his arrest, Harriday gave a statement to the police which was admitted into evidence at the trial without objection. In it Harriday admitted going to the station with the other defendants and then following them after they left the station with the machine. He admitted sharing the fruits of the crime after the machine was broken open. It is obvious that his statement supports several material points of Hebron's testimony. He was by his own admission present at the scene of the crime in apparent companionship with the other defendants. This fact sufficiently connected the accused with the commission of the offense so as to furnish the necessary corroboration. *Boggs v. State, supra; Wright v. State,* 219 Md. 643, 150 A. 2d 733 (1959). If there was an implication in Harriday's statement that he did not fully participate in the actual larceny of the machine, as his counsel argues, it is well established that

the trial judge was under no obligation to accept this interpretation. *Ponder v. State,* 227 Md. 570, 177 A. 2d 839 (1962); *Tasco v. State,* 223 Md. 503, 165 A. 2d 456 (1960). In any event, since the *corpus delicti* had been proved, the judge could have concluded that Harriday's statement was sufficient to implicate him as a perpetrator, regardless of Hebron's testimony. *Pierce v. State,* 227 Md. 221, 175 A. 2d 743 (1961). For these reasons, Harriday's conviction must be affirmed.

In regard to the appellant, Gaither, however, the situation is quite different. If any statements, verbal or written, were made by Gaither to the police, they were not offered in evidence. Gaither was implicated by the testimony of the accomplice witness, Hebron. Harriday's statement, as well as the statement of a co-defendant, Clenard W. Berry, not involved in this appeal, mentions Gaither as participating in the crime. Except for these two statements, which were admitted in evidence without objection by Gaither as to the scope of their use, and the testimony of Hebron, the record is devoid of any reference to Gaither except for testimony by the police officer, who had questioned Harriday, that he had not spoken to Gaither after his arrest. It is well settled in this State that one accused of crime cannot be convicted upon the uncorroborated testimony or statement of an accomplice or accomplices. *Swann v. State,* 192 Md. 9, 10, 63 A. 2d 324 (1949); *Lanasa v. State,* 109 Md. 602, 613, 71 A. 1058 (1909).[1] Since both Harriday and the co-defendant Berry were accomplices, their statements to the police implicating Gaither do not constitute sufficient corroboration of the testimony of the accomplice witness, Hebron. Therefore the guilty verdict against Gaither cannot be supported on the basis of the record before us.

For the reasons stated, the judgment against Harriday will be affirmed, but the judgment against Gaither reversed. Since the reversal is based upon the insufficiency of the evidence to corroborate Hebron's testimony, and this lack may be supplied

---

1. The use of Harriday's statement as corroboration of Hebron's testimony implicating Harriday does not run afoul of this rule because voluntary admissions against interest by a defendant may always be used against that defendant.

by the State, we shall remand the case for a new trial as to Gaither. *Johnson v. State,* 227 Md. 159, 175 A. 2d 580 (1961).

> *Judgment against appellant, Harriday, affirmed; judgment against appellant, Gaither, reversed and case remanded for a new trial; one-half of the costs to be paid by the state of Maryland and one-half by Baltimore County.*