## SAVOY *v.* STATE

[No. 434, September Term, 1963.]

*Decided July 16, 1964.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

*John Paul Rogers,* with whom was *Ernest D. Young* on the brief, for appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Don-*

38

nell and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

Sybert, J., delivered the opinion of the Court.

The appellant, Charles Henry Savoy, was convicted by a jury in the Criminal Court of Baltimore under two indictments, one charging the carrying of a concealed weapon, Code (1963 Cum. Supp.), Art. 27, sec. 36(a), and the other charging soliciting for the purposes of lewdness and assignation, Code (1957), Art. 27, sec. 15(e). After the imposition of concurrent sentences, he appealed.

Two Baltimore City police officers testified that on the night of June 21, 1963, they were on duty in the vicinity of Baltimore and Frederick Streets in plain clothes to check on complaints of perversion and prostitution. At approximately 11:35 P.M., while standing on the corner of said streets, they were approached by the appellant. According to the officers, the appellant initiated a conversation during which he offered to procure women for them for the purpose of prostitution. One officer told the appellant that he would be back with his money and then left to get another police officer. The remaining officer and the appellant walked a distance of approximately three blocks, ostensibly to get the officer's car, and continued their conversation. The appellant was asked if he wanted any money, but he refused to take any saying that he would get his money "from the woman who ran the house". The officer tried to get the appellant to reveal where they were going, but was unsuccessful. The appellant was then placed under arrest after the officer had identified himself, and was taken to the point where the other two officers were. A search of the appellant revealed a knife, referred to as a "gravity knife", concealed on his person.

The first question presented to this Court is whether the State met the burden of establishing the gravity knife "as one of the type of knives spelled out" in Art. 27, sec. 36(a)[1]. The

---

1. "§36(a) Every person who shall wear or carry any pistol, dirk knife, bowie knife, switch-blade knife, sling shot, sand club, metal knuckles, razor, or any other dangerous or deadly weapon of any

question, more properly stated, is whether there was sufficient evidence from which the jury could find that the knife constituted a dangerous or deadly weapon. A gravity knife was described below as being similar to a switch-blade knife, in that, when a button is pressed, the blade drops out. The gravity knife found on the appellant was not in good working order, but while it would not open in the normal manner, the blade could be locked in position, apparently with a flick of the wrist, and there was no testimony that it was incapable of being used. We think the question whether the knife constituted a dangerous or deadly weapon was properly submitted to the jury, in view of the evidence presented, and hence we cannot disturb the jury's verdict. *Wright v. State*, 222 Md. 242, 247, 159 A. 2d 636 (1960).

The appellant also contends that the crime of soliciting was not complete at the time of the arrest, in that he had not taken any money from the officers nor revealed where he was taking them, and he had not gotten into the officer's car or one of his own to start the trip. However, Art. 27, sec. 15(e) provides that it is a crime "to procure or to solicit *or to offer* to procure or solicit for the purpose of prostitution, lewdness or assignation", and the indictment was in the language of the statute. At the very least, the evidence here permitted a finding of an offer to procure or solicit and thus the appellant was properly convicted under Art. 27, sec. 15(e).

The appellant contends that in cases such as the instant one the testimony of the police officers should be received "with great caution" and the court should require "other corroborative circumstances", citing two District of Columbia cases. We have never recognized any such rule. While the elements of the crime of soliciting were established solely by the testimony of the police officers, their testimony, if believed by the trier of facts, was sufficient to convict. Cf. *Coates v. State*, 232 Md. 72, 191 A. 2d 579 (1963). Furthermore, there is no merit to the appellant's assertion that the police officers were accomplices

kind, whatsoever (penknives without switch-blade excepted) concealed upon or about his person * * * shall be guilty of a misdemeanor * * *."

whose testimony would have to be corroborated in order to sustain a conviction. See *Harriday v. State,* 228 Md. 593, 596, 182 A. 2d 40 (1962) ; cf. *Snead v. State,* 234 Md. 63, 197 A. 2d 920 (1964).

The appellant directed his counsel on appeal also to raise the contentions that the attorney who represented him below was incompetent, and that the lower court committed error when it allowed him to be tried under both indictments at the same time. The claim of inadequate representation is not accompanied by any specific allegation of incompetency and is not borne out by the record. As to the joint trial of both charges, we see no error, but even if error were present, no prejudice was shown.

*Judgments affirmed.*