## POLANSKY v. STATE

[No. 7, October Term, 1954.]

*Decided November 11, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ellis Levin,* with whom was *Calman A. Levin,* on the brief, for appellant.

*Ambrose T. Hartman,* Assistant Attorney General, with whom were *Edward D. E. Rollins,* Attorney General, *Anselm Sodaro,* State's Attorney for Baltimore City, and *Theodore C. Waters, Jr.,* Assistant State's Attorney for Baltimore City, on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment and sentence for receiving stolen goods.

The appellant, Hyman Polansky, the proprietor of a night club known as the Rail Inn in Baltimore City, was indicted on three counts together with William Edward Anderson, Julius Joseph Loverde, Howard William Owens, and Silvio Sigismondi. In the first count they were charged with the larceny of four cases of Old Forester whiskey and one case of Ryebrook whiskey; in the second count with each unlawfully receiving the same five cases; and in the third count with conspiring together to steal the same five cases. Loverde and Sigismondi pleaded guilty to the second count and were so found. Owens pleaded not guilty and was found guilty

on the second count.  Anderson pleaded not guilty and was so found.  The appellant pleaded not guilty and was found guilty on the second count and alone appeals to this Court.

For the purposes of this case the facts follow.  It was admitted by the appellant that the whiskey was the property of Churchill, Ltd.  Officer Vernon Ranke testified that on November 18, 1953, while in the company of Officer McCarthy, he saw two automobiles parked directly across the street from the Rail Inn.  The trunk of the first automobile, a 1953 Chevrolet, owned by Loverde, was open.  He observed therein several cartons. The trunk of the second automobile, a Nash sedan, the property of Charles Broessell, parked immediately in front of the Chevrolet, was also open.  Apparently, as the officers approached, the trunks of both automobiles were closed.  Ranke then told William Anderson, who was standing at the rear of the Nash, to open its trunk. Inside he found a case of Old Forrester whiskey.  When questioned, Anderson said he knew nothing about the whiskey, that one Charles Broessell had given him the key to open the trunk of the Nash so the whiskey could be placed therein.  Loverde was then asked by the officer to open the trunk of his automobile, which at first he hesitated to do.  When he finally opened the trunk, Ranke observed therein three cases of Old Forester and one case of Ryebrook whiskey, all in fifths.  When questioned as to the whiskey Loverde at first would say nothing.  Charles Broessell, who had been in the Rail Inn, then came across the street and stated that upon the request of the appellant, Polansky, he had given the key to the trunk of his automobile to William Anderson and that he did not know anything about the whiskey.

Sergeant Joseph Judd testified that, as a result of a call from Officers Ranke and McCarthy, he met the officers and Anderson, Sigismondi, and Loverde. Loverde told him that the whiskey was stolen.  Howard Owens, who was standing on the sidewalk at the rear of Loverde's automobile, denied any knowledge of the whiskey and

denied knowing the other men. It was later discovered that he worked with Loverde and Sigismondi.

Charles Broessell testified that he was in the Rail Inn that night, that Polansky came up and spoke to him and told him he wanted to put something in his car and to give the keys to Andy, meaning William Anderson. After Anderson walked out of the tavern, the appellant, Polansky, said something to him about whiskey, but at the moment he did not think it was unusual that the appellant wanted to put the whiskey in his car. About a minute after Anderson walked out, someone came in the tavern and told him that the trunk of his car was open and the police were talking to Anderson. Broessell went out and told the officers that the cardboard carton did not belong to him.

Silvio Sigismondi, produced by the State, denied any knowledge of any arrangement for the sale of the whiskey. He said he did not know Polansky and had no dealings with him. On cross-examination he testified that he was asked by Loverde to deliver the whiskey.

Howard Owens, testifying in his own behalf, stated that he was a truck helper employed by Churchill, Ltd., that he went for the ride with Loverde and Sigismondi on the night in question, and had no knowledge of the whiskey.

Julius Joseph Loverde, produced by the State, testified that he "had" some whiskey from Churchill, Ltd., that he picked it up and put it in his car to sell, and that he went to the Rail Inn to sell it to the owner, Hyman Polansky. He there made arrangements to sell the whiskey to Polansky and the terms of the sale were $40.00. Appellant told him to put the whiskey in Broessell's car. Appellant sent someone, apparently Anderson, with Loverde to aid in putting the whiskey there. Loverde testified that he was in the habit of delivering whiskey to Polansky. He further said that Sigismondi and Owens had picked up the whiskey and he was to sell it and the money was to be split between Sigismondi, Owens and himself.

Hyman Polansky, the appellant, testifying in his own behalf, stated that he was at his place of business about 10:30 on the evening in question, that someone came in and asked him whether he would be interested in buying two cases of whiskey, that he asked the price and when told the price was $40.00, he told the person that he did not want it. He said he had never seen this man before. He denied having any conversation with Broessell and said he had never seen Loverde before.

Appellant claims that the evidence was not sufficient to convict him of receiving stolen goods because there is no proof that he ever received the stolen goods. Appellant relies on *Regina v. Hill*, 1 Denison Crown Cases 453, (1849) ; *Regina v. Wiley*, 2 Denison Crown Cases 37, (1850) ; *Commonwealth v. Sleigh*, 3 Brewster (Pa.) 342, (1868). In the first case the accused did not in fact receive the fowls and never had the power of doing so, and whoever had possession of them previously had never parted with this possession. The second case is not helpful here. In the third case the defendant never received constructive or potential possession of the goods.

Manual possession is not necessary to constitute receiving. However, one is guilty of so receiving as soon as one obtains a measure of control or dominion over the custody of the goods. And such receiving may be by an agent or through the instrumentality of another. It is not necessary that the accused should have actually seen the goods. *Hochheimer's Criminal Law*, 2nd Ed., Sec. 426, page 462; *Kaufman v. State*, 70 Tex. Cr. 438, 159 S. W. 58, 76 C. J. S. page 9; *Longman v. Commonwealth*, 167 Va. 461, 188 S. E. 144; *People v. Poncher*, 358 Ill. 73, 192 N. E. 732; *Huggins v. The State*, 41 Ala. 393. It was said in *People v. Piszczek*, 404 Ill. 465, 89 N. E. 2d 387, 390, which is pertinent here: "To convict an accused of receiving stolen property, it is not necessary to show that he came into actual, manual possession of stolen property; constructive or potential possession is sufficient. * * * To be guilty of receiving stolen goods, the accused, if he does not have actual physical possession

of the property, must have a measure of control or dominion over its custody."

Rule 7(c), Trial by the Court, *Criminal Rules of Practice and Procedure* of this Court provides: "When a criminal charge has been so tried by the court, an appeal may be taken as provided by law. Upon appeal the Court of Appeals may review upon both the law and the evidence to determine whether in law the evidence is sufficient to sustain the conviction, but the verdict of the trial court shall not be set aside on the evidence, unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Here, Loverde testified that he agreed to sell the stolen whiskey to the appellant for $40.00 and that appellant told him to put it in Broessell's car. Broessell said the appellant told him he wanted to put something in his car and asked him to give the keys to Anderson, which he did. He said appellant also mentioned whiskey. There being testimony from which the trial judge could find that the whiskey was under such control and dominion of the appellant that he had the power to direct where it should be placed, we cannot say that the trial judge was clearly wrong in finding the appellant guilty on the second count of the indictment. *Duren v. State,* 203 Md. 584, 590, 102 A. 2d 277; *Cooper v. State,* 205 Md. 162, 106 A. 2d 129.

Appellant claims that the testimony of Loverde, whom he alleges to have been the thief and an accomplice, must be corroborated by other evidence. It is not contended that Loverde, as a former receiver of the stolen goods, as such receiver was an accomplice. *Lanasa v. State,* 109 Md. 602, 71 A. 1058. The prevailing rule today both in England and the United States is that there must be corroboration of the testimony of an accomplice as to the identity of the accused with the perpetrators of the crime or the crime itself. In *Luery v. State,* 116 Md. 284, 294, 81 A. 681, Chief Judge Boyd pointed out that, although there should be testimony to

corroborate an accomplice, the courts, however, should not "require too much in the way of corroboration, and while we are not now called upon to enter into a general discussion of what would be sufficient, we will add that it is not required to have sufficient evidence to convict, exclusive of the accomplice's testimony, for if that be required, there is but little use in having the evidence of the accomplice. As the reason for the rule, as adopted by most Courts, is that the testimony of an accomplice alone and unsupported is regarded as too doubtful to be safe, the important matter is to have him supported in at least some of the material points involved, tending to show the guilt of the accused." Loverde was not convicted of the larceny of the whiskey and did not admit that he stole it and therefore, was not shown to be an accomplice. Even if Loverde had been convicted of the larceny, the majority of the courts seem to hold as a general rule that the thief is not an accomplice of the receiver of the stolen goods. 111 *A. L. R.* 1398. It is not necessary that we decide whether Loverde was guilty of larceny. Also, in addition to the testimony of Loverde, the testimony of Broessell, who was not charged with any crime, supported the testimony of Loverde in at least some of the material points tending to show the guilt of the accused. The judgment will be affirmed.

*Judgment affirmed, with costs.*