## STAPF *v.* STATE

[No. 108, September Term, 1962.]

*Decided November 21, 1962.*

The cause was argued before Brune, C. J., and Henderson, Prescott, Horney and Sybert, JJ.

*Norman F. Summers,* with whom was *Julian S. Brewer, Jr.* on the brief, for appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney* and *Abraham Adler, Assistant State's Attorney,* on the brief, for appellee.

Per Curiam.

The appellant was tried before Judge Jones, sitting without a jury, in the Criminal Court of Baltimore and was convicted of grand larceny—the theft of a second hand automobile from a dealer on whose lot it had been standing. On the day of this trial he also pleaded guilty to a charge of petty larceny—the theft of an automobile operator's license. He appeals from this conviction on the charge of grand larceny, but not from the conviction on the other. He asserts that the evidence was insufficient to sustain the conviction.

A review of the evidence satisfies us that it was sufficient to support the trial judge's finding the appellant guilty. The ownership of the car, the fact that it was stolen, and its value (well in excess of $100) were all clearly and directly proven. The stolen car was found at a paint shop where it was taken within a day or two after it had been stolen. There was evidence that it had been brought there by the defendant to be repainted. It was also shown that he had bought another car which had neither motor nor transmission in it shortly before the theft, that he used the license plates from that "junk" car on the stolen car, that he had an invalid temporary permit for such use, that he had used a false name both on that permit and on the transfer of title which he received on the "junk" car (the name being that of the person to whom the stolen operator's license had been issued), and that he had stolen and forged a certificate of insurance relating to the "junk" car. There was, in addition, evidence that the appellant had looked

at the stolen Plymouth car while it was on the lot of the dealer which owned it. The appellant told a story of having bought the car from two other young men, both of whom he described to the police, but neither of whom could be found. The trial judge was under no obligation to believe the story of the appellant, and his admitted falsifications certainly presented no persuasive reason in favor of her doing so. Even if others may have been involved in the theft, this would not absolve the appellant if he participated in it.

It hardly needs restatement that the possession of personal property recently stolen creates a presumption of fact that the possessor was the thief. *Bell v. State,* 220 Md. 75, 150 A. 2d 908; *Oden v. State,* 223 Md. 244, 246, 164 A. 2d 284; and *Ponder v. State,* 227 Md. 570, 572, 177 A. 2d 839.

*Judgment affirmed.*