## BALLARD *v.* STATE

[No. 27, September Term, 1964.]

580

*Decided November 19, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*E. Thomas Maxwell, Jr.,* for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Bernard L. Silbert, Assistant State's Attorney,* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

Robert Ballard and Glenn Lewis were jointly charged in a three-count indictment with the larceny, receiving and unauthorized use of an automobile. Lewis pled guilty to the unauthorized use of it, and Ballard was convicted of the larceny thereof on the uncorroborated testimony of Lewis. The critical question presented on this appeal is whether Lewis was an accomplice of Ballard.

Lewis testified that while visiting Ballard in June 1963, he was shown an automobile. He had not seen it before. Although he had known Ballard for five years, he had never owned a motor vehicle. When Lewis inquired where Ballard got the vehicle, he did not reply. They went for a ride. The ignition was unlocked, but there was no key in it, and Lewis did not question the absence of a key. Upon their return, the automobile was parked about a block away from where Ballard resided. Shortly afterwards, Lewis, having asked Ballard (while he was looking at television) for permission to borrow the vehicle and receiving no reply, went out, got in the automobile, started the motor without a key as he had seen Ballard do, and drove to Salisbury, where the automobile broke down. Both were sub-

sequently arrested. While they were incarcerated, Ballard told Lewis that he was a fool for keeping the vehicle so long. On cross-examination, Lewis admitted that he had previously said that some boys he had met gave him the automobile.

At the conclusion of the State's case, Ballard moved for a judgment of acquittal, but this was denied. He called no witnesses in his behalf and he chose not to testify. The lower court found him guilty of larceny under the first count.

The motion for judgment of acquittal was based on the theory that the codefendant Lewis was an accomplice and that there was no corroboration of his testimony. In denying the motion, the lower court stated that there was "some corroboration" in that the automobile was found in Salisbury. The defendant, citing *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960), contends that this was not corroboration of a material fact tending to show that the defendant was identified with or had participated in the larceny, and we agree.

Whether or not Lewis (who pled guilty of unauthorized use) was an accomplice of Ballard would seem to depend on whether Lewis could have been punished for the crime of larceny for which both were indicted. We think he could not.

An accomplice is one "who knowingly, voluntarily, and with common intent with the principal offender unites with him in the commission of a crime" or "unlawfully co-operates, aids, abets" or assists in its commission. But the "term 'accomplice' does not include a person who has guilty knowledge * * * or who was even an admitted participant in a related but distinct offense." 2 Wharton, *Criminal Evidence* (12th ed.), § 448, *et seq.* See also *Lucchesi v. State,* 232 Md. 465, 468, 194 A. 2d 266 (1963). As was pointed out in *Harriday v. State,* 228 Md. 593, 596, 182 A. 2d 40 (1962), the "test commonly applied as to whether a *witness* is an accomplice is whether he himself *could* have been indicted and punished for the offense, either as a principal or as an accessory."

No cases were cited to us, nor have we found any, holding that one who is guilty of the unauthorized use of a motor vehicle may also be said to have been a participant in the larceny of the same vehicle. On the contrary, the cases in this state as well as those in other states recognize that the two offenses

are separate and distinct and that one cannot be convicted of both larceny and unauthorized use. See *Fletcher v. State,* 231 Md. 190, 189 A. 2d 641 (1963) ; *Anello v. State,* 201 Md. 164, 93 A. 2d 71 (1952) ; *People v. Ramistella,* 118 N. E. 2d 566 (N. Y. 1954) ; *People v. Tellez,* 89 P. 2d 451 (Cal. 1939) ; *Eastway v. State,* 206 N. W. 879 (Wis. 1926). See also 8A Blashfield, *Cyclopedia of Automobile Law and Practice,* § 5612.

Whether or not Lewis could have been convicted of larceny had he not pled guilty of unauthorized use is a question with which we are not concerned, for, having elected to plead guilty of unauthorized use and the State having accepted his plea, it is clear that he could not thereafter be convicted as a participant in the larceny. Since his admission of guilt had the effect of eliminating Lewis as a participant with Ballard in the larceny, he was not an accomplice, and his testimony did not have to be corroborated. Lewis was a competent witness and his testimony was admissible. *Mazer v. State,* 212 Md. 60, 127 A. 2d 630 (1956). Moreover, inasmuch as Lewis had no further interest in the larceny charge, there was no reason (so far as the record shows) why his testimony should not have been given credence. Of course, like any other witness, his credibility, as well as the weight of his testimony, were matters for the trier of facts to determine.

The unexplained possession of the recently stolen automobile by Ballard gave rise to an inference that he was the thief. *Stapf v. State,* 230 Md. 106, 185 A. 2d 496 (1962). This presumption, together with the uncontroverted testimony of Lewis, was enough to warrant the lower court finding that Ballard was guilty of larceny.

*Judgment affirmed.*