## LARRY LOWELL BARTON *v.* STATE OF MARYLAND

[No. 255, Initial Term, 1967.]

*Decided September 7, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Nelson R. Kandel* for appellant.

*Thomas A. Garland, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Franklin Goldstein,*

*Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City*, and *James Dudley, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

PER CURIAM.

On September 7, 1966, the appellant was convicted of robbery with a deadly weapon under one indictment and of carrying concealed a deadly weapon and of being a rogue and vagabond under another indictment, by a jury in the Criminal Court of Baltimore. He was sentenced to imprisonment for a term of 5 years on the first conviction and to imprisonment for a term of 2 years on the other convictions, the sentences to run consecutively.

Marion Charles Whalen, also charged with the crimes, pleaded guilty at a trial held prior to that of the defendant and testified for the State. He said that, on the evening of May 31, 1966 and the early morning of June 1st, he was in the company of the appellant and Bernard Leo Cook, another co-defendant. They had been drinking beer in various bars. About 1:00 A.M. on June 1st they left a bar on Greenmount Avenue and rode around in a red Chevrolet II automobile driven by Cook. They had run out of money and when they got in the vicinity of Belair Road and Erdman Avenue they agreed to rob a taxicab. The appellant and Whalen got out of the automobile and seeing a taxi parked on Belair Road got in the rear. The appellant sat behind the driver and Whalen sat on the appellant's right. The appellant told the driver to drive to North and Harford Avenues by way of Clifton Park. In the park, the appellant pulled a gun and asked the driver for his money. When the driver did not comply immediately, thinking he was kidding, the appellant grabbed him by the collar. The driver handed Whalen coins and a wallet containing paper money. The driver was ordered to go to Collington Park, and when they arrived there, Whalen and the appellant left the cab and were picked up by Cook in the red Chevrolet. Whalen put the paper money on the floor under the seat and the coins in the ash tray. He saw the appellant throw the gun under the front seat.

John F. Bisasky, testifying for the State, said that about 1:00

A.M. on June 1st, he was in his taxi, parked in the vicinity of Belair Road and Erdman Avenue, checking his manifest while waiting for a call for a fare. Two men got in the back of the taxi and he was told to drive to North and Harford Avenues by way of Clifton Park. As he was driving through the park on Clifton Park Drive one of the men told him to stop. When he did not respond immediately, the man sitting directly behind him, held a gun at his head, grabbed him by the neck, and told him to stop or "he would blow my brains out." He stopped and the man with the gun said, "Your money and nobody gets hurt." He handed his wallet containing $7 in bills to the man, whom he identified as Whalen, sitting to the right of the man with the gun and on further demand, gave him about $5 in change from his money bag. He was directed to drive to Rose Street in Collington Park and while doing so observed a Chevrolet, red in color, following his taxi. When he arrived at Rose Street the red automobile pulled ahead of the taxi, the men jumped out of the taxi, got in the red automobile and drove away. He called "emergency" on his radio, "the police were there in a minute," and he informed them what had occurred, giving them a description of the automobile and the robbers—two white males, neatly dressed. Bisasky was identified by Whalen as the man he and the appellant had robbed.

The police department broadcast the information and about 1:23 A.M. three police officers, in an unmarked police car, having received the information about the hold-up, observed an automobile at the intersection of Patterson Park and North Avenues answering the description of the one in which the robbers had driven away. It was occupied by three white males, "neatly dressed." The police followed the automobile to Eager Street and Broadway where they stopped it. The officers saw a revolver on the floor of the automobile on top of paper money, which later was ascertained to be seven one dollar bills. The appellant, Whalen and Cook were the occupants of the automobile. All three were arrested. At the scene of the arrest a search of the automobile disclosed a pistol on the floor under the front seat. Both the revolver and the pistol were loaded. The pistol was identified by Whalen as the one used by the appellant in the robbery.

A motion for judgment of acquittal, made at the close of the evidence by the State, was denied as to the count of robbery with a deadly weapon in one indictment and as to the counts of carrying a concealed weapon and being a rogue and vagabond in the other indictment and granted as to all other counts in both indictments. No evidence was offered by the appellant.

On this appeal the appellant presents four contentions relating to the testimony of Whalen.

First, he argues that Whalen was an accomplice whose testimony was not corroborated. We agree that Whalen, an admitted participant in the robbery, was a principal in that felony and thus an accomplice. *Coleman v. State*, 209 Md. 379; *Ballard v. State*, 236 Md. 579. Assuming, without deciding, that Whalen was an accomplice in the crimes of carrying a concealed weapon and being a rogue and vagabond, there was ample corroboration of Whalen's testimony with respect to all three crimes. It is sufficient to point out that the taxi driver testified that he was robbed at gun point, that $7 in bills were taken from him and that the two men who robbed him entered a red Chevrolet. The police apprehended the appellant and Whalen in a red Chevrolet, recovered $7 in bills and the pistol used in the robbery. Bisasky identified Whalen as the man to whom he had given the money. This is sufficient corroboration of Whalen's testimony to sustain the robbery conviction. The testimony of Bisasky that the man sitting directly behind him held a gun at his head and threatened to blow his brains out, and of the police as to the apprehension of the appellant and the location of the pistol in the car, was sufficient to corroborate the testimony of Whalen as to the crimes of carrying a concealed weapon and the relevant part of the rogue and vagabond statute—that the appellant had upon him "any pistol at places and under circumstances from which may be presumed an intent feloniously to assault any person." While a defendant may not be convicted solely upon the uncorroborated testimony of an accomplice, *Tucker v. State*, 237 Md. 422, not much in the way of corroboration is required, *McKenzie v. State*, 236 Md. 597. There was an abundance of corroboration here.

Second, in a motion for discovery, the appellant prayed an order requiring the State to give him "the substance of any

oral or written statements made by the Defendant which the State proposes to produce as evidence to prove its case." In answer, the State said that the "Defendant made no statements to the police. The State excepts to the request for the substance of any oral conversations between the Defendant and any other witnesses, not agents of the State as not within the purview of Maryland Rule 728." At a hearing before trial on oral exception to the answer, the lower court held that the request had been answered by the State insofar as the appellant was "entitled to receive an answer." At the trial the State did not proffer any statements made by the appellant. Although Whalen, in his testimony, said that he thought the appellant said, while the crime was being planned, "Let's rob a car," that the appellant gave directions to the cab driver where to go, that the appellant asked the driver for his money, saying "We're not kidding," we agree with the lower court that this type of evidence is not such an "oral statement" as to be within the purview of Maryland Rule 728. In *McKenzie v. State, supra,* the Court of Appeals found no abuse of discretion by the trial court in refusing to order the State to produce written statements of two complaining witnesses, stating that it had consistently held that a request for production of statements in the possession or control of the State is within the sound discretion of the trial court. As in *McKenzie,* the appellant here failed to give adequate reasons for the request or to state what it was hoped the statements would show if produced; it is not clear that statements existed or, if they did, that the State had knowledge of them. "It would seem that the request was nothing more than a 'fishing expedition.'" There was no showing that they were exculpatory statements suppressed by the State and the rule of law applicable to that type of evidence is in no wise apposite here. Upon the facts before us we do not believe that the trial court abused its discretion.

Third, the motion for discovery was filed on July 5, 1966 and the answer by the State was filed on September 1, 1966. On August 31st the appellant filed a motion to dismiss which he renewed on September 6th. The ground for the motion, as applicable to the testimony of Whalen, was that the appellant was in jail until his trial being unable to raise bail. While in jail

58

he was "talking freely and discussing the particular problems of his particular defense with two co-defendants" of which Whalen was one. The appellant contends that he was prejudiced because had he known Whalen was to be a witness for the State "he wouldn't have dallied around with them or at least spoken to them at the jail * * * many of these conversations were very confidential and had to do with actually the co-defendants (sic) of his defense in this case." There was no order pursuant to Maryland Rule, 728b, specifying a time in which the State was required to answer the motion and the record does not show that such an order was requested or that the appellant sought a delay as a result of receiving the answer to his motion on September 1st. No actual prejudice to the appellant has been shown and we do not feel that he was prejudiced by the lapse of time in receiving the answer to his motion. Whalen did not testify to anything which occurred after the arrest and incarceration of the appellant or to any conversations had with the appellant while they were in jail awaiting trial. The appellant was informed before his trial that Whalen was to be a witness for the State but did not ask for a postponement, as he could have, if he felt that additional time was required to determine the nature of Whalen's testimony. We hold that there was no error in the denial of the motion to dismiss.

The appellant's fourth contention with regard to the testimony of Whalen, is that the trial court erred in denying the motion to strike that testimony. In view of our holdings as to the other contentions pertaining to the testimony, we believe it was properly admitted and find no error in the denial of the motion to strike it.

The appellant also contends that he was "deprived of his constitutional rights by virtue of an illegal arrest and an illegal search and seizure." This contention is without merit. It has been repeatedly held that there can be a legal arrest, without a warrant, for a felony when the arresting officer has reasonable grounds to believe a felony has been committed and that the persons arrested have committed it. *Mercer v. State,* 237 Md. 479 and cases cited therein. Information placed on a look-out prepared by a police organization, of which the arresting officer is a part, may constitute probable cause for the arrest.

*Farrow v. State,* 233 Md. 526. Incident to a legal arrest, the arresting officers may search the persons arrested and the automobile under their control; articles seized in such search are admissible against the accused. *Johnson, etc. v. State,* 238 Md. 528. In the instant case the arresting officers had received information from the police department that a robbery had been committed and that the robbers, two white males neatly dressed, had fled in a red Chevrolet driven by a third person. Within minutes of the robbery they observed a red Chevrolet occupied by three white males neatly dressed in the vicinity of the place where the robbers left their victim. When they stopped the automobile they saw a revolver and paper money on the floor, made the arrest and found a pistol in a search of the car. The testimony supports the conclusion of the court below that the arrest was legal. The revolver, the pistol and the money found in the car following the arrest were clearly admissible.

The appellant also contends that the trial court erred in not granting his motion for a mistrial. Shortly after the arrest, police officers assigned to the Crime Laboratory of the police department took a photograph of the interior of the automobile, which photograph showed the revolver and the money on the floor near the front seat. There was evidence that the photograph accurately represented the scene at the time the car was stopped and it was admitted in evidence out of the presence of the jury on the issue of probable cause without objection and, we feel, would have been properly admissible even if timely objection had been made. Later in the trial, during the testimony of one of the arresting officers in the presence of the jury, the State offered the photograph and the trial judge stated that it had already been offered. The Assistant State's Attorney said: "It was offered only in our hearing for probable cause only. I would like to re-offer it at this time as State's Exhibit No. 2." Counsel for the appellant objected to the statement of the Assistant State's Attorney and when the objection was overruled moved for a mistrial. The matter of the granting or denying a motion for a mistrial is within the discretion of the trial court. *Toyer v. State,* 220 Md. 205. We find no abuse of discretion here. Assuming that the jury understood from the remark that there had been a proceeding out of its presence with respect

to the legality of the arrest and the reasonableness of the search and seizure of the articles found, we see no prejudice to the appellant by the remark for the reason, as the appellant urges, "it usurped a part of the jury's function." The Assistant State's Attorney did not say that the trial court had found the arrest legal and the search reasonable but even if the jury gathered from the remark that the judge had so found, it could have reached the same conclusion when the articles seized were admitted in evidence. As the Court of Appeals said in *Glickman v. State,* 190 Md. 516 at 521, concerning an alleged prejudicial remark made by the Assistant State's Attorney about the defendant:

> "In the absence of something to show that the jury, which is a body of competent and honest men and women, sworn to try the issue of the traverse on the evidence before them, was misled or influenced to the prejudice of the traverser by such remark the lower court would not have been justified in declaring a mistrial, nor would this Court be warranted in reversing the judgment."

*Judgments affirmed.*