## LEON RALPH HOPKINS *v.* STATE OF MARYLAND

[No. 42, September Term, 1968.]

*Decided October 10, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Stanley S. Cohen* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted of robbery with a dangerous and deadly weapon at a trial by the court in the Criminal Court of Baltimore and sentenced to imprisonment for a term of 15 years.[1] On appeal from the judgment he contends that (1) the

---

1. The appellant and two co-defendants, Martin L. Spriggs and Ernest R. Terry, had been previously convicted of this crime. The appellant and Terry appealed and the judgments were affirmed by the Court of Appeals. *Hopkins and Terry v. State,* 239 Md. 517. Sub-

trial court erred in denying a motion to strike the testimony of Martin L. Spriggs, a witness for the State, and an alleged accomplice in the commission of the crime, and (2) the evidence was not sufficient to sustain the conviction.

## (1)

The basis of the claim of error with regard to the first contention is the constitutional privilege against self-incrimination. Amendment V to the Constitution of the United States; Art. 22, Declaration of Rights, Constitution of Maryland. Here the privilege was not asserted by the appellant to bar his self-incrimination; he attempted to invoke the privilege as to the witness, Spriggs, who testified against him. But the privilege is a personal one, belonging to the witness, not to the appellant. It is intended for the witness only and does not involve any right of the appellant. The testimony given by the witness was not subject to objection on the ground of privilege at the instance of the appellant, but was competent evidence and admissible against him, if material. The materiality of the challenged testimony was not disputed at the trial nor is it alleged on appeal that it was not material. Even if a witness makes a claim of privilege and it is improperly disallowed by the trial court, it is not reversible error on behalf of the defendant.[2] *Butz v. State*, 221 Md.

---

sequently the appellant, under the decision in *Schowgurow v. State*, 240 Md. 121, obtained a new trial. It is the conviction and sentence at that trial from which he now appeals.

2. Not only had Spriggs been convicted in 1964 of the crime about which he was called upon to testify in the instant case but when he stated to the trial court that he did not desire to testify, the court appointed counsel to represent him. After conferring with his counsel he told the court that he wished to testify. The appellant argues on appeal that Spriggs' decision to testify was the result of a mistaken impression by his counsel that he had pleaded guilty to the crime. Counsel, in reporting to the court with regard to his conference with Spriggs, stated that Spriggs told him he had pleaded guilty but thereafter the State brought to the attention of the court that this was not correct and that the witness had been tried by the court and found guilty. In any event, the reason why Spriggs testified is not material or relevant to the question of the denial of the motion to strike his testimony on the ground of self-incrimination.

68; *Boone v. State,* 3 Md. App. 11. There was no error in the denial of the motion to strike the challenged testimony.

### (2)

The appellant claims that the evidence was not sufficient to sustain the conviction for the reason that the testimony of the accomplice, Spriggs, was not corroborated. We agree that Spriggs was an accomplice but it is clear from the record, and the appellant does not argue to the contrary, that if Spriggs' testimony may be properly considered, the evidence was sufficient to prove the *corpus delicti* of the crime of which the appellant was convicted and his criminal agency.

In Maryland a conviction may not be founded upon the uncorroborated testimony of an accomplice. *Kitt v. State,* 2 Md. App. 306, 310. Not much in the way of corroboration however, is actually required. *Barton v. State,* 2 Md. App. 52, 56. But the corroborative evidence must be as to some of the material facts which tend to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself. *Boone v. State, supra,* 19-20. "Whether the testimony has in fact been sufficiently corroborated must, of course, depend upon the facts and circumstances, and the inferences deducible therefrom, in each case." *Wright v. State,* 219 Md. 643, 650.

In the instant case the substance of Spriggs' testimony was that on 31 January 1964 about 12:50 P.M. he, the appellant and Ernest Terry went to the Keystone Realty Company in the 900 block of Whitelock Street "to rob a real estate office * * * We just rang the bell and the man let us in and we went in and robbed him, that's all * * * We got him to open the safe and we tied him with adhesive tape." They took money, money bags, an apron and a wallet from Mr. Katzoff. "We had knives." They went to Terry's house and split up the money, Terry keeping the Masonic apron and the wallet. Spriggs and the appellant left, went down to North and Mt. Royal Avenues and were arrested. The victim, Robert D. Katzoff, testified that he was the office manager of a real estate business at 907 Whitelock Street. On 31 January 1964 about 12:50 P. M. the doorbell rang, he answered the door and admitted three men who said

they were interested in renting an apartment. "At this point I was surrounded by the three men and I was threatened with a knife and told that I should give them my wallet, which I did." They then made him open the safe and give them the contents. There was $10 in the wallet and $250 in the safe. They also stole a Masonic apron and a small black revolver. The robbers then taped his hands behind his back, taped his mouth, cut the telephone wires and left. One of the men was wearing an army fatigue jacket and another had on "a kind of grey sweatshirt." All three were "colored men." Katzoff was able to free himself in five or ten minutes, went to a store across the street and called the police. He identified Spriggs and Terry at a prior trial as two of the robbers but could not now positively identify the appellant as the third man. The police responded to the call and received information from Katzoff. A description of the robbers was put on the police radio. Sergeant Ernest Schaefer of the Baltimore City Police Department heard the lookout about 1:00 P. M. The robbers were described as "colored." One was described as wearing "a cream colored jacket with khaki trousers" and another was wearing a fatigue jacket. About 1:10 P. M. he saw two men answering the description walking together at the intersection of Mt. Royal and North Avenues. They were the appellant and Spriggs and they were arrested. A paring knife was found on the appellant and a butcher knife and a .32 caliber dark colored pistol was in the possession of Spriggs. Terry was arrested later that day. In his apartment the police found the Masonic apron and the victim's wallet.

Sergeant Schaefer's testimony placed the appellant and Spriggs together shortly after the crime, thus independently showing the appellant's identification with one of the perpetrators of the crime under circumstances corroborative of the accomplice's testimony. This was sufficient corroboration of the accomplice's testimony. See *McKenzie v. State,* 236 Md. 597; *Barton v. State, supra; Kitt v. State, supra.*

*Judgment affirmed.*