811 A.2d 894

Collette HERRINGTON, et al.,

v.

RED RUN CORPORATION d/b/a Food Depot.

No. 2435, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Dec. 3, 2002.

**358**

---

Mark Gitomer, Baltimore, for appellants.

Angus R. Everton, (Morgan, Shelsby, Carlo, Downs & Everton, P.A., on the brief), Hunt Valley, for appellee.

Argued before DAVIS, HOLLANDER, SONNER, JJ.

DAVIS, Judge.

Appellants Collette Herrington and James Herrington filed a two-count complaint in the Circuit Court for Baltimore City (Allison, J.) against appellee Red Run Corporation d/b/a Food Depot on January 4, 2002, alleging false imprisonment and intentional infliction of emotional distress. Appellee filed an answer to the complaint on January 31, 2001. On November 2, 2001, appellees filed a motion for summary judgment. An

opposition to the motion was filed by appellants on November 27, 2001. The motion was heard on December 5, 2001 and, subsequently, denied as to count one—false imprisonment— and granted as to count two—intentional infliction of emotional distress. The circuit court also granted appellee's motion to deny appellants any award of punitive damages. In a subsequent order dated January 9, 2002, the trial judge granted appellee's motion for summary judgment as to count one— false imprisonment.

Appellants noted this timely appeal on January 31, 2002. Therein one question is raised for our review, restated as follows:

Did the circuit court err in granting appellee's motion for summary judgment as to false imprisonment?

We answer appellants' question in the negative, thereby affirming the judgment of the circuit court.

## FACTUAL BACKGROUND

On February 21, 2000, appellants went grocery shopping at Food Depot. When they completed their shopping they entered a checkout line to pay for their groceries. Appellants paid the cashier and, as they were leaving the store, a security officer approached them and accused them of theft. Appellants denied stealing anything; however, the security officer escorted them to an office in the back of the store for further investigation.

A Baltimore City Police Officer, who was called to the scene, also conducted an investigation. He interviewed a witness, Ronald Cobb, who was the store manager at Food Depot at the time the incident occurred. Cobb informed the officer that he had been observing appellants' transaction at the checkout register via a computer system integrated with the sales register which sent information from the register regarding the sale to the computer that Cobb was monitoring.

The computer system allowed Cobb to observe the cashier, who failed to scan several items worth a total of $101.90. Cobb further observed that the cashier entered six meat items

manually instead of scanning them into the register. These items, according to the manager, were "drastically under charged." Ultimately, the register indicated that appellants owed a total of $70.99 for their groceries. However, the cashier charged them $90.99, although the groceries valued $172.89. Pursuant to the officer's findings, appellants and the cashier were issued Uniform Criminal Citations charging them with theft. Appellants' charges were *nol prossed* by the Baltimore City District Court on May 15, 2000.

## DISCUSSION

■ Appellants contend that the trial judge erred by granting appellee's motion for summary judgment as to false imprisonment. Appellants forward their contention by arguing that there is a genuine dispute as to material facts because they continuously professed to have done nothing wrong. Appellants further aver that they were not acquainted with the cashier prior to the incident at issue and, consequently, could not have been conspiring with the cashier to steal groceries. Therefore, appellants argue, whether appellee had sufficient probable cause to detain them was a question for the jury because appellants denied any wrong doing.

In response, appellee notes that the officer who was dispatched to the scene testified during deposition that there was sufficient probable cause to issue citations to appellants. Appellee further notes that appellants admitted that they acquired groceries for which they did not pay.

■ Maryland Rule 2–501(a) states in relevant part: "Any party may file at any time a motion for summary judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law." Accordingly, at the summary judgment stage, the trial judge does not resolve issues of fact, but instead rules as a matter of law. *Beatty v. Trailmaster Prods., Inc.*, 330 Md. 726, 737, 625 A.2d 1005 (1993)(citing *Heat & Power v. Air Prods.*, 320 Md. 584, 591, 578 A.2d 1202 (1990)).

.

 Therefore, appellants must show that a genuine dispute as to a material fact exists in order to overturn the trial court's grant of appellee's motion for summary judgment. The disputed facts must, however, rise above a mere allegation; there must be sufficient evidence for a jury to reasonably find in favor of appellants. Additionally, in reviewing the trial judge's decision to grant the motion, we will determine whether the trial court was legally correct in its holding. *See id.*

The trial judge held that appellants' denial of any wrong doing by itself was insufficient to "create[] a dispute of material fact necessitating jury resolution of the probable cause issue." The judge subsequently itemized the facts in support of probable cause: (1) appellants admitted that they were in possession of groceries for which they did not pay, (2) appellee received a tip that the cashier was not charging customers the full price for groceries, (3) the manager on duty at the time of the incident personally observed the cashier undercharging appellants, (4) appellants were charged $70.99, as indicated by the register, for groceries valued at $172.89, and (5) appellants paid the cashier $90.99. Finally, the cashier kept twenty dollars from the transaction. The trial judge held that these uncontroverted facts were sufficient for appellee to have probable cause to detain appellants.

 Under Maryland law, in order to establish the tort of false imprisonment, the accusing party must prove that a deprivation of liberty occurred without consent and legal justification. *See Ashton v. Brown*, 339 Md. 70, 119, 660 A.2d 447 (1995) (citing *Great Atl. & Pac. Tea Co. v. Paul*, 256 Md. 643, 654, 261 A.2d 731 (1970), and "explain[ing] that 'the necessary elements of a case for false imprisonment are a deprivation of the liberty of another without his [or her] consent and without legal justification' "). "In any action for false imprisonment it is necessary for the plaintiff to prove by a preponderance of evidence that he [or she] was deprived of his [or her] liberty by another without his [or her] consent and without legal justification." *Id.* (quoting *Fine v. Kolodny*, 263

Md. 647, 651, 284 A.2d 409 (1971)); *see also Safeway Stores, Inc. v. Barrack,* 210 Md. 168, 173–74, 122 A.2d 457 (1956).

Therefore, appellee is required to show that it was legally justified in detaining appellants. The trial judge ruled on the motion using a higher standard—probable cause. We will review the merits of the case using the higher standard, but note that the outcome should have been reached using a lower standard. *See Montgomery Ward v. Wilson,* 339 Md. 701, 731, 664 A.2d 916 (1995)(explaining that the elements of the torts listed in C.J. § 5–402 (formerly C.J. § 5–307) were not meant to be changed by stating, "lack of probable cause, while pertinent in some false imprisonment actions, is not an element of the false imprisonment *tort* ") (citations omitted; emphasis added).

■ Although "probable cause is not a defense in an action for false imprisonment," *Ashton,* 339 Md. at 121, 660 A.2d 447, "[a] private individual may make a warrantless arrest only when a felony has in fact been committed or 'a misdemeanor is being committed in the presence or view of the arrester which amounts to a breach of the peace.' " *Id.* In the instant case, the theft was occurring while the manager was viewing the incident.

The Maryland legislature enacted a statute that provides merchants protection from civil liability for detaining people discovered stealing merchandise.

**Civil liability of merchant for detention or arrest of person for "theft".**

A merchant or an agent or employee of the merchant who detains or causes the arrest of any person shall not be held civilly liable for detention, slander, malicious prosecution, false imprisonment, or false arrest of the person detained or arrested, whether the detention or arrest takes place by the merchant or by his agent or employee, if in detaining or in causing the arrest of the person, the merchant or the agent or employee of the merchant had, at the time of the detention or arrest, probable cause to believe that the person committed the crime of "theft," as prohibited by

§ 7–104 of the Criminal Law Article, of property of the merchant from the premises of the merchant.

Md.Code (2002 Repl.Vol.), Cts. & Jud. Proc. (C.J.) § 5–402.

The trial judge concluded that the material facts, which are not in dispute, clearly indicate that appellee should not be held civilly liable for the incident at issue—alleged false imprisonment. We agree. "We have long and consistently held that exclusive possession of recently stolen goods, absent a satisfactory explanation, permits the drawing of an inference of fact strong enough to sustain a conviction that the possessor was the thief ... or, under appropriate circumstances, that the possessor was a receiver of stolen goods. . . ." *Brewer v. Mele,* 267 Md. 437, 449, 298 A.2d 156 (1972)(citing *Cason v. State,* 230 Md. 356, 187 A.2d 103 (1963); *Stapf v. State,* 230 Md. 106, 185 A.2d 496 (1962); *Lewis v. State,* 225 Md. 474, 171 A.2d 244 (1961); *Glaros v. State,* 223 Md. 272, 164 A.2d 461 (1960); *Jordan v. State,* 219 Md. 36, 148 A.2d 292 (1959); *Debinski v. State,* 194 Md. 355, 71 A.2d 460 (1950); *People v. Galbo,* 218 N.Y. 283, 112 N.E. 1041, 1044 (1916)); *see also Smith v. State,* 367 Md. 348, 359, 787 A.2d 152 (2001). More to the point, the fact that appellants denied having stolen merchandise, in this case, is of no moment because the pertinent material issue of fact disputed was not whether the merchandise was *appropriated* and in the possession of appellants when detained, but whether there was any complicity on the part of appellants in being undercharged by the cashier for the items sought to be purchased. Consequently, the issue was whether the facts known to Cobb indicated that a theft was afoot by way of a coordinated effort between appellants and the cashier. In accord, appellee obviously had probable cause to detain appellants, irrespective of the fact that they denied involvement.

Appellants next aver that appellee failed to investigate the incident adequately, which thereby destroyed any probable cause. The argument is without merit and circular in nature. From a practical standpoint, appellee necessarily detained appellants for the purpose of conducting further investigation. Moreover, an investigation was being conducted while appel-

lants were checking out at the register. The investigation led to the appellants' detainment.

For the foregoing reasons, we hold that the trial judge was legally correct in granting appellee's motion for summary judgment as to false imprisonment. Appellants have not established any *genuine* dispute as to any *material* facts. We, therefore, affirm the ruling of the trial court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**