## SARAH MATTHEWS *v.* STATE OF MARYLAND

[No. 190, September Term, 1967.]

556

*Decided April 4, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Thomas A. Lohm* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *James F. Tomes, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

The appellant, Sarah Matthews, was convicted of two counts of shoplifting and one count of larceny by a jury in the Circuit Court for Montgomery County. She was sentenced to terms of three years on the shoplifting counts and a term of five years on the larceny count, the sentences to run concurrently. On this appeal, appellant contends that her arrest was illegal, and that the evidence seized incident thereto was improperly admitted at her trial.

The evidence adduced at the trial tended to establish that on December 18, 1965, at approximately 5:00 p.m., twenty dresses of the aggregate retail value of $277.71 were removed without payment from Deb's Den, Inc., a clothing store in Silver Spring, Maryland. Miss Bonnie Berg, an employee of the store, testified that she observed the appellant in the store with a companion, but that she did not see the appellant leave the store. Miss Berg did not see the appellant remove the dresses from the store's rack; she did, however, notice their absence shortly after the appellant arrived at the store, and as a result she ran

out of the store where she observed an automobile containing three persons pulling away.

Officer John E. Anderson of the Montgomery County Police arrived on the scene shortly thereafter, and as a result of his conversation with Miss Berg he placed a lookout over his police radio for a "Nash Rambler, bearing D.C. registration 8 ER 46, either blue or green or greenish-blue," to investigate larceny shoplifting. Corporal Scot M. Wittworth, an officer of the Maryland National Park and Planning Commission, received this call over his car radio and shortly thereafter stopped the vehicle in question on a public street, where he observed the appellant sitting on the right side of the vehicle's front seat. Shining his flashlight on the front seat of the vehicle, Corporal Wittworth observed a large quantity of clothing on hangers. He then checked the driver's identification.

Detective Robert E. Peay of the Montgomery County Police was also on duty at about 5:00 p.m. on the evening of December 18, 1965 when he heard the lookout for the green Rambler. He asked the police radio dispatcher to ascertain from the officers on the scene whether the clothing taken would amount to over $100.00 in value so as to constitute a felony. The record does not disclose whether Detective Peay ever received this information. He did, however, observe the vehicle in question where it had been stopped by Corporal Wittworth. The detective testified that as he approached the car, he saw the appellant sitting on the front seat in the middle, and, upon looking inside the car, observed "a bunch of dresses" with hangers on them laying on the floor between the appellant's feet. He then advised the occupants of the automobile that they were suspects in a larceny shoplifting.

Miss Berg subsequently arrived at the scene of the arrest and identified the appellant as the woman she had seen in the Deb's Den store prior to the disappearance of the dresses. The dresses in question were removed from the Nash automobile and were identified at the trial as the property of Deb's Den, Inc. and admitted into evidence over appellant's objection.

The appellant contends that she was unlawfully arrested in that the arresting officer did not have probable cause to believe that a felony had been committed and that she had committed

it. While the record does not show that Detective Peay was ever affirmatively advised that the goods stolen had a value in excess of $100.00, so as to constitute the felonies of larceny and shoplifting in excess of $100.00, we think it clear that prior to making the arrest, he observed "a bunch of dresses" on the floor of the car between appellant's feet and that from this observation, coupled with his other knowledge of the crime, he could have reasonably believed that the goods stolen amounted in value to more than $100.00. Under these circumstances, we hold that the arrest of appellant was lawful and that the seizure of the dresses from the vehicle contemporaneous with the arrest was also lawful. In so concluding, we have determined that Corporal Wittworth's action in stopping the vehicle was without apparent authority since, as an officer of the Maryland National Park and Planning Commission, whose testimony at trial was that he only had jurisdiction "in the Park," we cannot find that he was vested with police authority to make an arrest on the public street.[1] We do not find, therefore, that the stopping of the vehicle in which the appellant was riding by Corporal Wittworth constituted an action which would have precluded the subequent lawful arrest by Detective Peay.

Appellant further contends that the trial judge should have instructed the jury to disregard the State's Attorney's questions concerning a prior conviction which was denied by the appellant and not thereafter proved by the State. As no objection was made at the trial, there is nothing before us to review. *Woodell v. State,* 2 Md. App. 433.

Finally, appellant contends that the court committed prejudicial error when it failed to grant her motion for a mistrial made during the State's closing rebuttal argument to the jury. The motion was based on the State's comment to the jury that

---

1. By Chapter 780 of the Acts of 1959, codified as Section 70-50 of the Montgomery County Code (1965 Ed.), the Maryland National Park and Planning Commission is authorized to appoint "such park police officers as may be necessary to protect the park system," and invests in them "concurrent general police jurisdiction with the Montgomery and Prince George's County police within the parks and other areas and within buildings under the jurisdiction of the commission."

it "acts as a protective force to the citizens of Montgomery County." It is, of course, well settled that the matter of the granting or denying of a motion for a mistrial is within the discretion of the trial court, *Barton v. State,* 2 Md. App. 52, and we find no abuse of that discretion in this case.

*Judgment affirmed.*