# THOMAS LLOYD GAITHER *v.* STATE OF MARYLAND

[No. 47, September Term, 1971.]

*Decided October 21, 1971.*

The cause was argued before MURPHY, C. J., and ANDERSON and CARTER, JJ.

*G. Mitchell Austin* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Stuart E. Hirsch, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant was convicted by Judge John E. Raine, Jr., sitting non-jury in the Circuit Court for Baltimore County, of the crime of rape on two separate occasions, in two separate trials and sentenced to life imprisonment and 21 years to run consecutively. His appeals from both judgments have been consolidated.

The first case tried involved a charge of rape upon Mrs. Emily Ann Kirmil, a 52 year old housewife on August 19, 1970, at her home in Baltimore County. The second case involved a charge of rape upon Mrs. Loretta Rosendale, a 58 year old church attendant on July 16, 1970, at St. Mark's Catholic Church in Catonsville.

The appellant entered pleas of not guilty by reason of insanity and not guilty in both cases. He was subsequently examined at the Clifton T. Perkins State Hospital pursuant to *Md. Code* Art. 59 § 9 (b). He was pro-

nounced sane at the time of the incident and competent to stand trial by the unanimous opinion of the hospital staff. Immediately following the filing of the hospital report, he filed written motions in both cases supported by an affidavit of his counsel. The affidavit set forth that one of the principal issues in the case was whether the ingestion of drugs rendered the appellant mentally incapable of determining the nature of the offenses with which he was charged. In presenting these motions, counsel proffered that inasmuch as his client had entered a plea of not guilty by reason of insanity, he desired the advice of a pathologist and/or a toxicologist as to whether a person who was under the influence of the drug mescaline and glue fumes was mentally capable of committing the crime of rape. His counsel further stated that he desired to have this expert advise him as to the outward manifestations of a person who was under the influence of these toxic agents. These motions were promptly followed by further motions requesting a continuance of the trial date so as to give defense counsel an opportunity to confer with the expert. The court denied all motions. The appellant contends these rulings constituted prejudicial error. He further contends that the evidence in the second case was legally insufficient to justify his conviction.

The subject of supplying expert pretrial services to indigent defendants in criminal cases at public expense has been thoroughly treated in a recent annotation in 34 A.L.R.3rd 1287 (1969). It appears from the authorities there cited that the holdings in other jurisdictions are somewhat divided on the question of the absolute constitutional right to this type of service as incident to the right to counsel. The only decision of the United States Supreme Court on the question of which this Court is aware was rendered in *United States ex rel. Smith v. Baldi,* 344 U. S. 561, 9 L. Ed. 549, 73 S. Ct., (1953). The Court in that case said: "We cannot say that the State has that duty by constitutional mandate." Although the decision in *Gideon v. Wainwright,* 372 U. S.

335, 9 L.Ed.2d 799, (1963) does not speak directly of the question of providing indigents in state courts with pretrial assistance of this nature, the holdings in that case have been interpreted in some jurisdictions to encompass the assistance of experts and investigators so as to provide an indigent with effective assistance of counsel. (See cases cited, 34 A.L.R.3rd § 3(a) p. 1263-1266). Other jurisdictions decline to so extend the holding. (See cases cited, 34 A.L.R.3rd § 3(b) p. 1266-1269). The majority of jurisdictions, including Maryland, have held the matter is one within the sound discretion of the trial court. (See 34 A.L.R.3rd § 3(c) p. 1269-1272) ; *Avey v. State,* 1 Md. App. 178 (1967) ; *Swanson v. State,* 9 Md. App. 594 (1970). In the exercise of this discretion, we have held that this type of pretrial service (investigators and experts) is required to be made available to indigents only when it is shown these services are necessary to afford the accused an opportunity to fairly present his defense.

In *Avey v. State, supra,* this Court speaking through Judge Thompson, held that the accused was not entitled to have an investigator employed to assist in the preparation of his defense because it was apparent from the record that his assigned counsel "had left no stone unturned" in the defense of his client. We further pointed out in *Avey* that the matter was one within the sound discretion of the court and there was no showing of an abuse of that discretion. The trial court's action in denying the request was therefore not clearly in error. In *Swanson, supra,* this Court in effect held that an indigent defendant who asserts the defense of insanity and has had a mental examination afforded him at State expense is not entitled to have further psychiatric services furnished him by the State for the same purposes. In so holding, Chief Judge Murphy speaking for this Court quoted with approval portions of the trial court's opinion. At page 596, he quoted:

"* * * Due process, of course, requires that an indigent defendant desiring to assert the de-

fense of insanity or his competence to stand trial have the right to be examined by an impartial, competent psychiatrist at State expense."

At 601, he further said:

"The court in *McGarty* [*McGarty v. O'Brien*, 188 Fed. 2d 151 (1st Cir.)] concluded that the State has no constitutional obligation to promote a battle between psychiatric experts 'by supplying defense counsel with funds wherewith to hunt around for other experts who may be willing, as witnesses for the defense, to offer the opinion that the accused is criminally insane * * * [at least] where there has been no challenge of the professional standing and competence of the psychiatrists whose examination and report has been furnished at State expense, and no question has been raised as to their complete impartiality or as to the thoroughness of their examination of the accused.' At page 157.
*McGarty* was cited as controlling authority on a similar question raised in *Proctor v. Harris*, 413 F. 2d 383 (App. D.C.), opinion by Burger, J. (now Chief Justice of the Supreme Court). To the same effect, see *Watson v. Patterson*, 358 F. 2d 297 (10th Cir.) ; * * *"

There was no proffer with the appellant's motions or otherwise of any challenge to the professional competency or impartiality of the State's experts who examined him at Perkins hospital. Neither was there any question raised as to the thoroughness of their examination. In the absence of such a showing, we held in *Swanson*, the appellant was not entitled to the services of an additional psychiatrist to be employed at State expense. The appellant contends that *McGarty, supra* and *Swanson, supra* are not controlling in this case because here he is requesting a different type of expert from that previously

furnished him by the State. However, under the rationale of these cases we hold that since the State has previously furnished the appellant with competent expert services for the purpose of determining his sanity at the time of the crime and at the time of trial, it is not necessary that he be furnished additional expert services of any nature for the same purposes. The fact that the expert requested is of a different type than those previously furnished by the State does not of itself establish that such additional expert services are necessary to enable the appellant to fairly present his defense of insanity. In *Mc-Garty* and *Swanson,* the Court took notice of the fact that the opinions of the experts furnished by the State were unanimous as was the situation in this case.

We hold therefore that there was no abuse of discretion and no clear error in the trial court's ruling denying the motions for employment of an expert at State expense and for a continuance. Consequently, these rulings will not be disturbed. (Md. Rule 1086).

In the second trial the appellant contends the evidence was insufficient to justify his conviction. The testimony for the State was given by the victim Loretta A. Rosendale, Detectives Roy Frederick and William Krause, Corporal Edward Vanik, and Father Robert Lentz and for the defense by the appellant personally. Mrs. Rosendale testified that she was working on the altar at St. Mark's Catholic Church in Catonsville at approximately 3:00 p.m. on July 16, 1970, when she was grabbed from behind, blindfolded, tossed to the floor and her head bashed against the concrete floor five times. She stated that she saw her assailant from the side of her blindfold and positively identified him as the appellant. She further testified that after this action, her assailant pushed her clothes up around her neck and raped her.

Detective Frederick testified he had lifted two partial palm prints from the table in the room where the incident occurred. Corporal Vanik testified he fingerprinted the appellant after his arrest. Detective Krause testified that he compared the appellant's fingerprints with those

taken from the scene of the crime and found them to be identical. Father Lentz testified that to his knowledge, the appellant had never been in the section of St. Mark's where the crime had taken place. The appellant testified he was not at the scene on the date of the crime and denied any knowledge of it.

We hold on this evidence that the trial court was not clearly in error in finding beyond a reasonable doubt that the appellant was guilty of rape. This finding will likewise not be disturbed. (Md. Rule 1086).

*Judgments affirmed.*