## TYRONE BROWN *v.* STATE OF MARYLAND

[No. 307, September Term, 1971.]

*Decided February 9, 1972.*

416

The cause was argued before MORTON, POWERS and GILBERT, JJ.

*B. Ford Davis* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *James*

*B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Suspicion short of probable cause prompted Officer Thomas Cress to approach a standing taxicab on South Charles Street in Baltimore to speak to the passenger. The passenger, Tyrone Brown, appellant here, left the cab and ran. The officer pursued, caught appellant by the belt and returned him to the patrol car, where he began, or was about to begin, a search of appellant's person. Appellant turned, drawing a pistol from his clothing, fired twice, and ran again. Officer Cress again pursued, fired his pistol, and felled appellant with a bullet in the leg.

Two indictments were returned against Brown. One, based upon information later received by the police, charged armed robbery and several lesser counts. The other charged assault upon Officer Cress with intent to murder, and simple assault.

Trial was held in the Criminal Court of Baltimore before a jury and Judge Paul A. Dorf. Before going to the jury, the State abandoned all but the first count of the robbery indictment, and abandoned the first count of the assault indictment. Appellant was found not guilty of the armed robbery, but guilty of simple assault upon Officer Cress, and upon being sentenced, appealed.

In his instructions to the jury, the judge defined assault. No exception was taken to what was said, and no supplementary or clarifying instructions were requested.

### Application of Maryland Rule 756 g

The main point of substance raised in this appeal is that the judge did not include in his instruction on the law of assault that a person illegally arrested may use any reasonable means to effect his escape. Although no such instruction was requested, appellant argues that its omission was plain error, material to the rights of the

accused, and that under Maryland Rule 756 g we should take cognizance of and correct it.

We shall assume that appellant's initial arrest was illegal, that he was entitled to use any reasonable means to effect his escape, and that it would have been proper for the judge so to instruct the jury.

Any error, once recognized, may be called plain error, and unless it can be held to be harmless, it must be considered as material to the rights of the accused.

But it is not every such error that the appellate courts will take cognizance of and correct. Rule 756 g, after providing that a party may not assign error on appeal unless preserved by objection, provides further:

> "Ordinarily no other error will be considered by the Court of Appeals or the Court of Special Appeals, but the appellate court, either of its own motion or upon the suggestions of a party may take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to as provided by section f of this Rule."

This part of the Rule leaves slightly ajar the door to appellate relief from error even though such relief was not sought at trial. We take it that if the error is not plain, or if it is not material to the rights of the accused, the appellate court would in no event consider it. Even if the error meets both of these tests, its consideration on appeal is not a matter of right, for the use of the word "may" makes it permissive, and necessarily leaves its exercise to the discretion of the appellate court. Obviously that discretion is not to be exercised arbitrarily, so we ask ourselves, "When should we exercise it, and when should we decline to exercise it?" We seek the answer in what has been said about it by the Court of Appeals, which promulgated the Rule, and in any of our own prior decisions in which we had occasion to interpret or apply the Rule.

In 1952 the Court of Appeals, in *Madison v. State*, 200 Md. 1, 87 A. 2d 593, referred to what was then Rule 6 (g) of the Criminal Rules of Practice and Procedure, predecessor of Rule 756, and said, at page 10:

> "Whatever 'plain error material to the rights of the accused' may include, it does not include bad guesses by counsel whether or not to object to anything done or left undone by the court."

Shortly thereafter the Court, in *Brown v. State*, 203 Md. 126, 100 A. 2d 7, declined to invoke the discretionary authority in the Rule by saying, without further comment, that there was "no showing here of such a plain error as to justify a reversal."

In *Giles v. State*, 229 Md. 370, 183 A. 2d 359, a case in which neither side requested advisory instructions, and none was given, appellants asserted on appeal that the failure of the trial judge to give instructions was plain error. The Court said, at page 387:

> "While Rule 756 g permits this Court of its own motion to take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors, we are unable to say that the failure to request an instruction or to object to the failure to give one under the circumstances in this case was such an error as this Court ought to take notice of. See *Martel v. State*, 221 Md. 294, 157 A. 2d 437 (1960), *cert. den.* 363 U. S. 849 (1960), where we had occasion to point out that whatever other meanings the term 'plain error' might involve, it does not include appellant alleviation of such unfortunate consequences as may result from a choice of trial tactics."

We considered the "trial tactics" principle in *Parker v. State*, 4 Md. App. 62, 241 A. 2d 185, but felt that the

plain error there did not result from a choice of trial tactics, and that it was appropriate for us to take cognizance of and correct the error.

The line of demarcation seems to have been delineated by the Court of Appeals in two decisions, *Wolfe v. State,* 218 Md. 449, 146 A. 2d 856, and *Reynolds v. State,* 219 Md. 319, 149 A. 2d 774. In *Wolfe,* that Court said, at page 455:

> "The State contends that, even if error was committed by the court in causing the defendant to take the stand and testify, he thereby waived his right to object to what the court had said or done before. In the view we take of this case, we do not reach that question. Instead, we are convinced that the error—which we think was material to the rights of the defendant—was such as the court could not have corrected even if it had attempted to do so. Under such circumstances we think we must of our own motion take cognizance of and correct the plain error by awarding the defendant a new trial even though such error may not have been properly includible in the assignment of errors in this case. Maryland Rule 739 g."

The action of the Court in *Wolfe* indicates that when plain error material to the rights of the accused is an error of *commission* by the trial judge, that is, an error in something the judge said, the effect of which could not be overcome by additional instructions, rather than one of *omission,* or something he failed to say, the appellate court should exercise its discretion to take cognizance of and correct that error.

Conversely, the Court of Appeals said in *Reynolds,* at pages 324 and 325:

> "The State frankly admits that the trial court did not fully instruct the jury as to the particular offenses charged in the indictment,

and that it did not explain the real meaning of keeping a disorderly house or the other offenses charged in the indictment. But, the State insists that because the defendant failed to make a timely objection to the court's instructions, she is precluded from raising the objection here. We must agree. See *Hendrix v. State,* 200 Md. 380, 90 A. 2d 186 (1952) ; *Madison v. State,* 200 Md. 1, 87 A. 2d 593 (1952).

But the defendant, admitting that she did not seasonably object pursuant to Maryland Rule 739 f, insists that this Court should of its own motion invoke the provisions of Rule 739 g and take cognizance of and correct what she asserts is a plain error material to her rights. We do not agree. In this case it is obvious that the errors complained of are such that the trial court could have—and undoubtedly would have—corrected if the defendant had interposed her objections, as she should have done, before the jury retired to consider its verdict." [1]

This Court invoked its discretionary power under Rule 756 g to reverse judgments of conviction in *Parker v. State, supra,* and in *Bieber v. State,* 8 Md. App. 522, 261 A. 2d 202, where the trial judge had affirmatively given the jury bad law, and we declined to do so in *White v. State,* 8 Md. App. 51, 258 A. 2d 50, where we felt the erroneous instructions "were not so material to the rights of the appellant as to constitute reversible error."

While it may be said with some logic that the prejudicial effect of an erroneous instruction may not be fully overcome when a judge who, to the jury, is the oracle of the law, tells them that a few minutes ago he was wrong, and that the law really is something else, a defendant may be benefitted, and certainly is not hurt, when a judge, with the emphasis carried by the last

---

1. Present Rule 756 was formerly numbered 739.

word, explains, in a supplementary instruction, some point or points of law not theretofore covered.

Therefore we think that as a general guide, we may say that under Rule 756 g we will take cognizance of and correct an irremediable error of commission, but not an error of omission. Of course, the error must be plain, and material to the rights of the accused, and, even then, the exercise of our discretion to correct it should be limited to those cases in which correction is necessary to serve the ends of fundamental fairness and substantial justice.

The omission here was one which the trial court could have, and undoubtedly would have, supplied by a supplementary instruction if appellant had requested it before the jury retired to consider its verdict. *Reynolds v. State, supra.* It does not call for us to correct it now.

### Sufficiency of the Evidence

Perhaps because of apprehension that his somewhat feeble knock on our slightly open door might not be audible to those within, appellant also argues that his motion for judgment of acquittal should have been granted, because the evidence was not sufficient to support a verdict of guilty of assault.

Although there was evidence from which the jury could have found that appellant did not shoot at Officer Cress at all, and thus did not assault him, there also was evidence that appellant did shoot at the officer. The taxicab driver, describing what he saw, was asked in which direction the shots were fired, and said:

> "Now, which direction, if I had to say which direction, it was in the Officer's direction. If you ask me up or down, I would have to say it must have been fired somewhere down, but it was fired in the Officer's direction."

When asked what happened when he began to search appellant, Officer Cress said:

> "At this time, the subject pulled a 32-caliber revolver from his right coat pocket and fired two shots at me."

Being cross-examined about appellant's intent Officer Cress said:

> "I can't state in my opinion he intended to shoot me. He might have intended to shoot me in the foot, if he shot in the ground. I don't know what his intentions were. He had the gun in his hand shooting at me."

This conflict as to whether the evidence showed that appellant assaulted Officer Cress required resolution by the jury, and the judge correctly denied the motion for judgment of acquittal.

### Other Contentions

Appellant contends that his motion for an independent psychiatric examination should have been granted. He asserts that although the examination by the State's psychiatrists may meet the requirements of due process, he is denied equal protection because as an indigent he does not have the same opportunity to present testimony of his insanity that other defendants, with the funds to do so, have.

Whatever the basis upon which the right is claimed, we feel that its denial in this case was proper, under the reasoning of *Swanson v. State,* 9 Md. App. 594, 267 A. 2d 270 and *Gaither v. State,* 13 Md. App. 245, 282 A. 2d 535, and cases cited and discussed in those opinions.

We see no merit in appellant's argument that because of his lengthy detention at Clifton T. Perkins Hospital, and because he said he was under sedation there, this alleged lack of opportunity for meaningful communication with his attorney denied him the effective assistance of counsel. There is no showing of any impairment of his right to confer with his counsel.

We have reviewed the transcribed arguments of both

424

sides. We find no basis for appellant's contention that he was improperly prejudiced by the State's argument.

*Judgment affirmed.*