# LIST *v.* STATE OF MARYLAND

[No. 207, September Term, 1973.]

*Decided March 29, 1974.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Harold I. Glaser, Assigned Public Defender,* with whom was *Richard M. Karceski, Assigned Public Defender,* on the brief, for appellant.

*David B. Allen, Assistant Attorney General,* with whom

were *Francis B. Burch, Attorney General, Clarence W. Sharp, Assistant Attorney General, Edwin H. W. Harlan, Jr., State's Attorney for Harford County,* and *Peter C. Cobb, Assistant State's Attorney for Harford County,* on the brief, for appellee.

PER CURIAM:

Elizabeth Adele List, the petitioner in this case, was indicted by a Harford County grand jury for the burning or attempted burning of a diner located in Bel Air, Maryland. Prior to her trial in the circuit court for that county the assigned public defender filed on October 4, 1972, the following special plea on behalf of Miss List but without her knowledge or consent:

"1. That she was insane at the time of the commission of the alleged crime in that she lacked substantial capacity either to appreciate the criminality of her conduct or to conform her conduct to the requirements of law as the result of mental disease or defect.

"2. That she is now incompetent to stand trial."

Upon the filing of this plea, Judge Albert Close, as prescribed by the provisions of Maryland Code (1957, 1972 Repl. Vol.), Art. 59, §§ 23 *et seq.,* ordered that the defendant be referred to the Department of Mental Hygiene for a psychiatric examination (to be conducted at Spring Grove State Hospital) to determine whether Miss List "was insane at the time of the commission of the alleged crime" and whether she "is presently able to understand the nature or the object of the proceeding against her or to assist in her defense." Following this request examination, the acting superintendent of the hospital advised the court by a letter dated November 8, 1972, that in the opinion of the staff, Miss List

"is insane and not responsible. She is, however, competent for trial; she understands the object of the proceeding against her and is able to assist in her defense.

"Our diagnosis is" Schizophrenia, Paranoid Type (a form of psychosis or insanity).

"Presumably, she was insane at the time of the alleged offense on April 17, 1972. She consistently denies the charges, however, and insists that witnesses can attest to her innocence."

At her initial appearance before Judge Close after being released from Spring Grove, Miss List entered a plea of not guilty generally and requested the court to permit her to withdraw the special plea because it was filed by the assistant public defender without her knowledge or consent and remained in effect against her express wishes. Despite petitioner's continuing insistence that the special plea be withdrawn, her attorney refused to acquiesce since he thought that it was his "duty to file a plea of not guilty by reason of insanity whether she likes it or not." Following this colloquy between Miss List and her attorney, the court denied the defendant's request to withdraw the plea although it concluded that she was competent to stand trial. At the non-jury trial which then ensued on November 29, 1972, the judge found her not guilty by reason of insanity. As a result of this verdict, Miss List was committed to the Department of Mental Hygiene (Art. 59, § 27) for examination and evaluation to determine "by the standards applicable to civil admission proceedings under Sections 11 and 12 of Article 59 . . . whether she by reason of mental disorder would, if she becomes a free agent, be a danger to herself or to the safety of the person or property of others . . . ."

When this decision was announced, Miss List instructed her counsel to appeal this order "all the way up." Accordingly, her attorney from the public defender's office noted an appeal to the Court of Special Appeals, which affirmed the decision of the circuit court. Without further consultation with the client, in apparent reliance on her previously expressed desire, a petition for a writ of certiorari was filed in this Court. We granted the writ to consider the question of whether a verdict of not guilty by reason of insanity was erroneously entered because it followed a

special plea which was filed by the petitioner's attorney without her consent and was allowed to remain as a plea to the indictment against her express wishes.

Despite the obvious importance of this question, we conclude that it would be inappropriate for us now to pass upon it. This decision stems from our resolution that Miss List had achieved the purpose for which she appealed even before the Court of Special Appeals filed its opinion on August 10, 1973. A review of the record discloses that on April 11 of that year the petitioner was, we determine, unconditionally released from the hospital by order of the Circuit Court for Harford County acting upon the recommendation of the Department of Mental Hygiene, although this circumstance was apparently not made known to the Court of Special Appeals. We believe it clear from statements made by the assistant public defender who represented Miss List in this Court concerning her instruction to appeal "all the way up" from the order confining her to a mental hospital, that she did not intend to invoke the appellate procedures of this State because she desired to become the litigant in a test case or to have this or any other court rule on an abstract question of law but rather, solely, to secure her release from the hospital. Our opinion in this regard is reinforced by the fact that since her release from the hospital, Miss List has made no attempt to communicate with her public defender counsel whose office has made commendable, though unsuccessful, efforts to locate the petitioner in order to ascertain her wishes concerning continuation of this case in light of the change in her status.

Therefore, since we have determined that her only purpose in seeking appellate review had been accomplished several months before the Court of Special Appeals filed its opinion, we conclude that the case should have been dismissed by that court.

> *Judgment of the Court of Special Appeals vacated and the appeal to that court is dismissed.*