# WORTH MARION WALKER *v.* STATE OF MARYLAND

[No. 838, September Term, 1973.]

*Decided June 19, 1974.*

The cause was argued before ORTH, C. J., and MORTON and GILBERT, JJ.

*Donna C. Aldridge* for appellant.

*Bernard A. Raum, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John E. DeKowzan, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Worth Marion Walker, appellant, was tried by a jury, presided over by Judge Roscoe H. Parker, in the Circuit Court for Prince George's County for assault with intent to rape, false imprisonment and assault and battery. The jury found the appellant to be not guilty of the first two charges and not guilty by reason of insanity as to the assault and battery. Appellant was committed to the jurisdiction of the Department of Mental Hygiene pursuant to Md. Ann. Code Art. 59, § 27.

Appellant in this Court contends:

"I. The Motions for Judgment of Acquittal should have been granted because the State proved no criminal intent and there was no plea of Not Guilty by Reason of Insanity before the Court.

II. Refusal to allow Counsel to renew a Motion to Withdraw a Plea of Not Guilty by Reason of Insanity was error.

III. Prejudicial error was committed when the Court allowed testimony as to competency and sanity/insanity in the presence of the jury without making a preliminary inquiry.

IV. The Court should have granted the Motion for Mistrial since: (1) The Defendant's case had been prejudiced by the State usurping the defense of insanity; (2) Counsel had tried the case on the assumption the plea of insanity was withdrawn and was placed in the position of proving his client's sanity; (3) Based on the assumption Counsel failed to object to inadmissible evidence, thereby denying the Defendant his right to a fair trial with due process of law.

V. The Trial Judge committed error in submitting the issue of insanity to the jury when Defendant had abandoned the plea."

I.

The record discloses that on July 5, 1973 the appellant filed the following plea:

"1. That the defendant was insane at the time of the commission of the offense.

2. That the defendant is not competent to stand trial." [1]

---

1. Md. Rule 720 states that the plea shall be as provided in the statute. Md. Ann. Code Art. 59, § 25(b) provides that whenever it is desired to interpose the defense of insanity, the plea shall be in writing and shall aver "that the defendant was insane at time of the commission of the alleged

An order was signed on July 6, 1973 directing that the appellant be examined at the Clifton T. Perkins Center. The Center submitted its report under date of August 21, 1973. The report stated in part:

"Our evaluation disclosed that Mr. Walker is suffering from a chronic paranoid psychosis characterized by confused, circumstantial thinking, grandiose ideas, delusions of persecution and transitory auditory hallucinations. Our official diagnosis is Schizophrenia, Paranoid Type. He has a history of previous hospitalizations at Cherry Point Hospital in North Carolina and St. Elizabeth's Hospital in Washington D.C. It was the opinion of our medical staff that this chronic psychosis was in a state of acute exacerbation at the time of the alleged offense causing Mr. Walker to lack responsibility for his actions. At the present time, he is considered competent to stand trial but is still in need of further psychiatric treatment."

The report concluded that the appellant "does represent a danger to himself and others by reason of mental disorder."

The appellant appeared before Judge Robert B. Mathias on September 14, 1973 where the following transpired:

"Mr. Martucci [Defense Counsel]: For the record, your Honor, although we have indicated in chambers Mr. Walker was found to be under the provisions of Article 31B [sic] in the Maryland Code in that he was insane at the time of the commission of the offense, however, he is competent to stand trial.

He advised us this morning he wishes not to waive his right to trial by jury and wishes to proceed with trial on the merits of the case. For those reasons we would merely ask the

crime." A plea "that the defendant is not competent to stand trial" is improper. The question of an accused's competency to stand trial is for the court to determine, not the jury. Colbert v. State, 18 Md. App. 632, 308 A. 2d 726 (1973).

Court to set this in for hearing on a trial on the merits.

Mr. deKowzan [Assistant State's Attorney]: It's agreeable to the State.

The Court: Very well. Counsel will go to the assignment office and get a trial date. Jury trial requested by the defendant. If it's not already in there, it is now.

You all get a trial date on it, an agreeable trial date. And the defendant is committed back to the custody of the authorities. You may take him. As I understand it, he is in an institution.

Mr. Martucci: Yes, your Honor."

We have searched the record and have failed to find any support for the appellant's assertion that he withdrew his plea of insanity in the hearing before Judge Mathias on September 14, 1973. When the case proceeded to trial before Judge Parker and the jury, the plea of insanity was still viable and was before the court and jury. Appellant argues, however, that inasmuch as the State, in its presentation of the evidence, produced the testimony of Dr. Adamo of the Perkins Center, which testimony demonstrated that the appellant was insane at the time of the commission of the offense, that the State thereby failed to prove criminal intent and that a motion for judgment of acquittal should have been granted. This argument overlooks the fact that the plea of insanity was still before the court and jury and that the State was endeavoring not only to prove the appellant guilty of the offenses, if the jury found the appellant sane, but the State was at the same time attempting to show that the appellant was in fact not responsible because of his mental condition.

## II.

Following the presentation of the State's evidence the appellant moved for a judgment of acquittal on the ground that there was no insanity plea before the court and the

State had, by its evidence, disproven intent. After being informed by the court that the plea of "not guilty by reason of insanity" had not been withdrawn, the appellant then sought to withdraw the plea in what appears to be some sort of *nunc pro tunc* motion, that is to say, to back date the withdrawal to a point prior to trial. Judge Parker refused to allow the withdrawal of the plea, stating that it came too late. To bolster his position that the judge erred in such a ruling, appellant relies upon *White v. State*, 17 Md. App. 58, 299 A. 2d 873 (1973). *White*, however, does not support the appellant. In *White* the motion to withdraw the plea was made at the outset of the trial, and the plea was voluntarily and knowingly withdrawn. Later, White, in this Court, attacked the withdrawal on the ground that it was not voluntary. *White* is inapposite.

We think the rationale of Md. Rules 721 and 722 govern the instant case. Rule 721 confers upon the court the right to refuse to accept a guilty plea, and Rule 722 states that if a plea of guilty has been entered the trial court may strike out such a plea at any time "it deems such action necessary in the interest of justice." Both Rules 721 and 722 are directed to the sound discretion of the trial court. What is true of those two rules is likewise true of a court's allowing or disallowing the withdrawal of a plea of not guilty by reason of insanity as provided by statute. In sum, it is discretionary. It may be that after an accused has entered a plea of insanity as provided by statute the medical reports will not support the plea and trial strategy will require the withdrawal of the plea. Where, as here, however, the court has before it uncontradicted, competent evidence that the accused was insane at the time of the commission of the offenses, it would be a manifest injustice to allow the withdrawal of a plea of insanity in the face of such evidence. We think that under the circumstances of this case the trial judge properly submitted the matter to the jury, the trier of fact, to determine whether the accused was insane at the time of the commission of the offenses and thus lacked the requisite intent. It is clear from their verdict that the jury so believed.

## III.

Insofar as the appellant's third contention is concerned, we observe that no objection was made at trial to Dr. Adamo's testimony regarding the appellant's mental condition. Failure to object to the admissibility of the evidence results in waiver of the objection. Md. Rules 522 (d) (2) and 725 f. There is nothing for us to review.

## IV.

Appellant next argues that Judge Parker erred in denying appellant's motion for a mistrial. The basis for the motion is: (1) that the appellant's case had been prejudiced by the State's producing the medical evidence, (2) appellant's counsel believed the plea of insanity had been withdrawn, and (3) counsel's failure to object to inadmissible evidence denied the appellant due process of law. We answer the questions in the order in which they are posed to us. (1) The evidence concerning the mental state of the appellant was received without objection. The failure to object when one should have objected is not ground for a mistrial. (2) The fact that appellant's counsel may have been under the impression that the insanity plea had been withdrawn provides no basis for a mistrial. (3) While this latter contention might be a possible subject for post conviction relief, we fail to perceive how such a reason gives rise to the granting of a mistrial. Followed to its logical extreme, appellant's argument would create a situation whereby counsel, if he believed a case was proceeding in a manner adverse to his client, could by the simple method of failing to object to certain inadmissible evidence, later move for a mistrial and use as a basis therefor his failure to object when he should have objected. If such were the law it is doubtful that there would ever be finality in any trial. We decline to adopt a view that counsel's error merits a mistrial. In any event, the granting or refusal to grant a mistrial is in the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of that discretion. *James v. State,* 14 Md. App. 689, 288 A. 2d 644 (1972); *Collins v. State,* 14 Md. App. 674, 288 A. 2d 221 (1972);

*Matthews v. State*, 3 Md. App. 555, 240 A. 2d 325 (1968). We observe no such abuse.

## V.

Lastly appellant contends that the trial court erred in submitting the issue of insanity to the jury when the plea of not guilty by reason of insanity as provided by statute had already been withdrawn. The plea had not been withdrawn. Moreover, the appellant did not except to the court's instruction as he was required to do under the provisions of Md. Rule 756 f, and, therefore, there is nothing for us to review, unless it can be stated that the trial court's instructions were so patently erroneous as to constitute "plain error . . . material to the rights of the accused even though such error was not objected to as provided by section f of [the] Rule." Md. Rule 756 g; *Brown v. State*, 14 Md. App. 415, 287 A. 2d 62 (1972). In the instant case no such "plain error" is present.

We note that when this case was argued before us we were advised that the appellant was, as of the date of oral argument, still under the jurisdiction of the Department of Mental Hygiene, unlike the situation in *List v. State*, 271 Md. 367, 316 A. 2d 824 (1974).

*Judgment affirmed.*